[Civ. No. 40814. Second Dist., Div. Three. June 27, 1973.]

ASSOCIATED CONVALESCENT ENTERPRISES,
Plaintiff and Respondent, v.
CARL MARKS & CO., INC., et al., Defendants and Appellants.

## COUNSEL

Beardsley, Hufstedler & Kemble, Charles E. Beardsley, John Sobieski and Burton J. Gindler for Defendants and Appellants.

Hall, Cunningham & Morrow and Dion G. Morrow for Plaintiff and Respondent.

## OPINION

**SCHWEITZER, J.**—Action on a promissory note for unpaid principal ($1,040,000), for accrued interest thereon, for attorney's fees,[1] for foreclosure of the security for the note, for declaratory and equitable relief, for damages for fraud, and for other related relief. Demurrers were sustained to eight of the eleven causes of action. Plaintiff then filed an amended complaint, again setting forth 11 causes of action. Before defendants filed any pleadings thereto, the action was dismissed without prejudice at the request of plaintiff and without notice to defendants. (Code Civ. Proc., § 581, subd. 1.) Defendants thereupon moved for judgment for costs of suit (Code Civ. Proc., § 1032, subd. (a)) and for attorney's fees.

---

[1] The note contains the following provision: "If action be instituted on this note, I [defendants] promise to pay such sum as the Court may fix as attorney's fees." The note contains no similar provision in favor of the payors, defendants herein.

(Civ. Code, § 1717.) The motion was granted as to costs of suit, but denied as to attorney's fees on the ground that defendants were not prevailing parties "in whose favor a final judgment is rendered," as required by the last sentence of section 1717, Civil Code. Defendants thereupon submitted a proposed judgment; the court refused to sign the judgment, stating that the minute order was fully dispositive of the matter and that there was no requirement for signing and filing a judgment. Defendants appeal from that portion of the minute order denying their motion for attorney's fees and for a judgment therefor.

Section 1717, enacted in 1968, provides as follows "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

Defendants do not question the right of plaintiff to request dismissal of the contract action or the entry of the dismissal by the clerk; they concede that as of the date thereof they had no pleading on file seeking affirmative relief. (Code Civ. Proc., § 581, subd. 1.) Their request for fees is based solely on their contention that by its enactment of section 1717, the Legislature recognized that one-sided attorney's fee clauses can "be used as instruments of oppression" (*Coast Bank* v. *Holmes,* 19 Cal.App.3d 581, 596-597 [97 Cal.Rptr. 30]), and intended that fees be awarded under the circumstances of this case.

Although the reasonableness of defendants' requested fee ($31,246.60) is not before us, they stress the extent of legal services required and performed in seeking from us a liberal interpretation and application of section 1717.[2]

---

[2]The pleadings filed by plaintiff consisted of: original complaint and attached exhibits, 161 pages; amended complaint and attached exhibits, 190 pages. The only pleadings filed by defendants were demurrers to the original complaint, with points and authorities, 129 pages. By their declarations in support of the motion, defendants state that prior to the dismissal, they had prepared but not filed pleadings in response

■ A dismissal of an action by a plaintiff under section 581, subdivision 1, when a defendant has not sought affirmative relief, must be distinguished from dismissals entered by order of court pursuant to other provisions of the code. It is available to plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately. (*Egly* v. *Superior Court,* 6 Cal.App.3d 476, 479-480 [86 Cal.Rptr. 18].) ■ The entry is a ministerial, not a judicial, act, and no appeal lies therefrom (*Cook* v. *Stewart McKee & Co.,* 68 Cal. App.2d 758, 760-762 [157 P.2d 868]; see generally, 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 58, subd. (d), p. 4074). ■ Following entry of such dismissal, the trial court is without jurisdiction to act further in the action (*Gherman* v. *Colburn,* 18 Cal.App.3d 1046, 1050 [96 Cal.Rptr. 424]; *Cook* v. *Stewart McKee & Co., supra,* 68 Cal.App.2d 758, 760-762) except for the limited purpose of awarding costs and statutory attorney's fees. (See *Hopkins* v. *Superior Court,* 136 Cal. 552, 553-554 [69 P. 299]; *MacLeod* v. *Tribune Publishing Co.,* 157 Cal.App.2d 665, 668 [321 P.2d 881]; *Spinks* v. *Superior Court,* 26 Cal.App. 793, 795-796 [148 P. 798].)

■ The sole purpose of section 1717 is to transform a unilateral contract right to attorney's fees "into a reciprocal provision giving the right to recover fees to whichever party prevails [in the contract action]." (*San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.,* 28 Cal.App.3d 556, 570 [104 Cal.Rptr. 733]; see also *Arnold* v. *Browne,* 27 Cal.App.3d 386, 398 [103 Cal.Rptr. 775]; *Coast Bank* v. *Holmes, supra,* 19 Cal.App. 3d 581, 596; Review of Selected 1968 Code Legislation (Cont. Ed. Bar) pp. 35-36.) ■ Defendants, therefore, had a statutory right to attorney's fees if they could establish that they were the prevailing parties within the meaning of section 1717. Since such issue required a judicial determination, any order made with respect thereto is appealable as a final determination on a collateral matter, severable from the general subject of the litigation. (See *Spencer* v. *Spencer,* 252 Cal.App.2d 683, 688-691 [60 Cal.Rptr. 747]; see also cases collected in 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 38-41, pp. 4052-4056.)

---

to the amended complaint consisting of: answer to four of the eleven causes of action, 39 pages; demurrers with points and authorities to seven causes of action, 50 pages; cross-complaint seeking $1,700,000 in compensatory damages and $5,000,000 in punitive damages, 35 pages plus 186 pages of exhibits. In addition, one defendant's response to plaintiff's interrogatories, consisting of 34 pages, plus 99 pages of exhibits, had been completed, and defendants had prepared interrogatories to plaintiff consisting of 25 pages with 56 interrogatories. The declarations also state that defense counsel spent a total of 544.75 hours on the subject litigation.

 Although we recognize that a voluntary dismissal may have some of the attributes of a final judgment, we doubt that the Legislature ever intended that a ministerial, nonjudicial act by a clerk, which "leaves the defendant as though he had never been a party" (*Cook* v. *Stewart McKee & Co., supra,* 68 Cal.App.2d 758, 761), would result in the defendant becoming the "prevailing party" under section 1717, i.e., "the party in whose favor final judgment is rendered." We must assume that the Legislature considered these words carefully and used them in their commonly accepted meaning. Thus, "[a] judgment is final only when it determines all of the rights of the parties and requires no further judicial action to give effect to its provisions. [Citations.]" (*Gollard* v. *Bayless,* 174 Cal. App.2d 827, 829 [345 P.2d 299]; see also *Meehan* v. *Hopps,* 45 Cal.2d 213, 217 [288 P.2d 267].) We have no "final judgment" in this case. The word "rendered" also has significance; it "is appropriately used in reference to a judgment or decree, but not to a proceeding or order." (*Brownell* v. *Superior Court,* 157 Cal. 703, 707 [109 P. 91].) The rendition of a judgment is a judicial, not a ministerial, act. (*Gossman* v. *Gossman,* 52 Cal.App.2d 184, 197 [126 P.2d 178]; *Azadian* v. *Superior Court,* 88 Cal.App. 296, 298 [263 P. 298].) No final judgment was "rendered" or could have been rendered under the circumstances of this case. The trial court properly denied defendants' motion for attorney's fees.

Order affirmed.

Cobey, Acting P. J., and Allport, J., concurred.

A petition for a rehearing was denied July 18, 1973, and appellants' petition for a hearing by the Supreme Court was denied August 22, 1973.