[Civ. No. 44171. Second Dist., Div. Four. Apr. 28, 1975.]

GENEVA GRAY, Plaintiff and Appellant, v.
JEFF S. KAY et al., Defendants and Respondents.

## COUNSEL

Mitchell & Mitchell and James H. Mitchell for Plaintiff and Appellant.

Roger Jon Diamond, Hecht, Diamond & Freis and Hecht & Diamond for Defendants and Respondents.

## OPINION

COLE, J.*—Plaintiff brought an action against Jeff S. and Joshua F. Kay and against the Bank of America. The second amended complaint alleged that plaintiff and defendant Jeff S. Kay entered into two written agreements for the purchase and sale of two parcels of real property, and that the agreements were thereafter assigned to Joshua F. Kay. The Bank of America was the escrow holder for the sale of the properties. Plaintiff alleged that certain deeds issued pursuant to the two agreements were in error. In the first four counts of her second amended complaint she sought reformation. In the fifth count she alleged fraud against defendants Kay and asked for damages. The sixth count was pleaded against defendant Bank of America, only, and was based on negligence.

*Assigned by the Chairman of the Judicial Council.

Each agreement provided that, in the event action was brought to enforce any of its provisions, the prevailing party should be entitled to reasonable attorney's fees. Plaintiff alleged the existence of these provisions. A copy of each agreement was attached as an exhibit to the complaint. The defendants answered. They admitted that defendant Jeff Kay signed the two documents but specifically denied "that the parties intended the execution of the documents . . . to be a consummation of any transaction." Defendants further alleged that the parties specifically contemplated the execution of other documents which did not occur. In their prayer, defendants asked to be awarded reasonable attorney's fees and costs.

Plaintiff thereafter instructed the clerk to dismiss the first five causes of action without prejudice as to defendants Kay. The dismissal was entered by the clerk. It was labelled "Partial." The sixth cause of action against the Bank of America remained in the action. Defendants Kay then moved the court for an order awarding them attorney's fees and costs against plaintiff, relying on the provisions of Civil Code, section 1717.[1]

After hearing, the court entered judgment awarding attorney's fees to defendants. The amount of the award is not questioned. ▇ Plaintiff appeals, arguing that no final judgment was rendered in the action and that the court therefore could not award attorney's fees. We agree and accordingly reverse.

It is to be noted that the term "prevailing party" is specifically defined in section 1717 as meaning "the party in whose favor final judgment is rendered."

The identical question to that presented here was before the court in *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116 [108 Cal.Rptr. 782]. There, following a clerk's dismissal without prejudice entered at the request of plaintiff, the trial court

---

[1]"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

denied the defendant's motion for an award of attorney's fees based on section 1717. The Court of Appeal affirmed. It pointed out that entry of judgment was a ministerial, not a judicial act (33 Cal.App.3d at p. 120), and stated ". . . The word 'rendered' also has significance . . . . The rendition of a judgment is a judicial, not a ministerial, act. . . . No final judgment was 'rendered' or could have been rendered under the circumstances of this case. The trial court properly denied defendant's motion for attorney's fees. . . ." (33 Cal.App.3d at p. 121.) We agree that no judgment has been rendered here and hence Civil Code section 1717 is inapplicable.

In the case at bench there was no judicial action since the entry was by the clerk.[2]

Defendants attempt to distinguish *Associated* on the ground that their answer prayed for an award of attorney's fees, while in *Associated* the action was dismissed before defendants had pleaded. They urge that this is a material distinction. It is not. It is true that in *Associated* the court said (33 Cal.App.3d at p. 120): "A dismissal of an action by a plaintiff under section 581, subdivision 1, [of the Code of Civil Procedure], when a defendant has not sought affirmative relief, must be distinguished from dismissals entered by order of court pursuant to other provisions of the code." The significance of this language is in the difference between dismissals ordered by the court and dismissals requested by the plaintiff, not in the fact that affirmative relief has or has not been sought.

The reference to "affirmative relief" relates to the provisions of Code of Civil Procedure, section 581, subdivision 1, stating that if such relief is sought by the cross-complaint of a defendant, the clerk dismissal is not available. ■ Affirmative relief which defeats a dismissal is that which ". . . if granted, operates not as a defense but affirmatively and postively [*sic*] to defeat plaintiff's cause of action. . . ." (*Simpson* v. *Superior Court* (1945) 68 Cal.App.2d 821, 825 [158 P.2d 46].) It does not include a request for costs (*Silverton* v. *Free* (1953) 120 Cal.App.2d 389 [261 P.2d 17]) and by a parity of reasoning it should not include a request for attorney's fees. In light of the pleadings, respondent's entitlement to

---

[2]Appellant also argues that there is no final judgment because the sixth cause of action remains in the case. That argument is not well taken. The sixth cause of action is explicitly labelled as being asserted "against defendant Bank of America." No relief is sought against respondents in that count and the general prayer for attorney's fees would not allow such relief in the absence of a sustantive claim. Since the counts which were asserted against respondents have been dismissed, they are no longer in the case.

We ground our holding that no judgment was rendered in this case on the reason stated in the text, and not on the continued presence of the sixth cause of action.

any attorney's fees in this case is based on statute. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910]) and such fees therefore are costs. (*Id.* at p. 62.)

Respondents earnestly call to our attention a non-published opinion of the Court of Appeal, filed April 7, 1972. Effective January 1, 1974, rule 977 of the Rules of Court was adopted by the Supreme Court of California and by the California Judicial Council. It provides that, with certain exceptions not relevant here, a nonpublished opinion of the Court of Appeal or of an appellate department of the superior court ". . . shall not be cited by a court or by a party in any other action or proceeding . . . ." This matter was heard below in 1973, prior to the adoption of rule 977. Counsel for respondents cited the unpublished decision (as well as the contrary case of *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116) to the trial court in his memorandum of points and authorities, attached a copy of the unpublished opinion thereto, and served a copy on then counsel for appellant. Appellant moved the trial court to vacate and set aside its order and distinguished the unpublished case in its moving papers. The trial court thus properly had before it appellate opinions arriving at opposite results. It apparently relied upon the one that was not published. That decision was made a part of the record on appeal for the purpose of apprising the reviewing court of the trial court's reason for its decision. It is therefore before us in a manner not contemplated by rule 977, and we are obliged to consider it on its merits.[3]

There, after dismissal of the action, the trial court awarded attorney's fees to a defendant. The court rejected a contention that a dismissal without prejudice was not a final judgment within the meaning of section 1717. The court said: ". . . The only difference between a dismissal without prejudice and a judgment on the merits is that the former does not have the effect of res judicata or collateral estoppel as to any issue raised by the pleadings. That single difference is immaterial in light of the purpose of the statute, which is to provide an equal right to attorney fees to both parties to a contract so long as the litigation is terminated. A victory for either party is no less a victory, and the prevailing party's attorney fees are no less costly by reason that another action might later

---

[3]Several decisions state, in one way or another, that a non-published decision is not available as a *precedent* (*People* v. *Gomez* (1972) 26 Cal.App.3d 928, 930-931 [103 Cal.Rptr. 453]; *People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 673 [111 Cal.Rptr. 757]; *Powers* v. *Sissoev* (1974) 39 Cal.App.3d 865, 872 [114 Cal.Rptr. 868]; *People* v. *Duncan* (1974) 40 Cal.App.3d 940, 946 [115 Cal.Rptr. 699]). Rule 977 does not say this. It says only that a nonpublished opinion shall not be *cited* by a court or party.

be brought upon the same facts on which the dismissed action was based. . . ."

The unpublished decision is distinguishable. The dismissal in that case was not a voluntary one by the plaintiff but rather was a dismissal ordered by the court because of plaintiff's failure to file answers to interrogatories. While it was not explicitly referred to in the court's discussion of the question quoted above, this distinction reconciles the unpublished case with the later decided *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116. The order of the court in the unpublished case was a judicial act equivalent to the rendition of judgment (*cf. Catania* v. *Halcyon Steamship Co.* (1975) 44 Cal.App.3d 348, 352 [118 Cal.Rptr. 513]). There was no judicial act in the present case.

The Legislature has made it clear that a rendered judgment is a prerequisite to the invocation of Civil Code, section 1717. While respondents' "attorney's fees are no less costly" than if the action had not been voluntarily dismissed, we may not rewrite the statute to award them.

The order granting attorney's fees to respondents must be and is reversed.

Files, P. J., and Dunn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 26, 1975.