**In re the MARRIAGE OF Marcia E. ROERIG and Richard M. Roerig.**

**Upon the Petition of Marcia E. Roerig, Appellee,**

**And Concerning Richard M. Roerig, Appellant.**

**No. 92–468.**

Court of Appeals of Iowa.

May 25, 1993.

Timothy W. Greene of Borseth & Greene Law Office, Pleasant Hill, for appellant.

Marcia E. Roerig, pro se.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Defendant Richard Roerig appeals from an order denying his motion for attorney fees following plaintiff's voluntary dismissal of her action seeking an increase in child support.

The district court dissolved the marriage of Richard and Marcia Roerig on March 17, 1983. The court awarded Marcia primary physical care of the parties' two minor children. Richard was ordered to pay child support in the amount of $115 per week. At the time of the parties' dissolution, the Iowa Child Support Guidelines were not yet in existence.

On July 19, 1991, Marcia filed a modification petition, seeking an increase in child support. Marcia contended there had been a substantial change in circumstances. She alleged Richard's income had increased since the filing of the original dissolution decree. Marcia's affidavit of financial status indicated her net monthly income equaled $1611.98. Richard filed his financial affidavit on October 4, 1991. The affidavit showed Richard's net monthly income consisted of $903 in unemployment benefits. Pursuant to the child support guidelines, these incomes would yield a child support obligation less than that imposed against Richard under the original decree.

Marcia voluntarily dismissed her petition on the first day of trial. She acknowledged she would not be entitled to an increase in child support because Richard's current income is less than his income at the time of their dissolution. Richard filed an attorney fee affidavit, requesting $1200 in trial attorney fees. The district court granted Marcia's motion for voluntary dismissal. The court, however, denied Richard's re-

quest and assessed costs against him. Richard appeals.

■ An award of attorney fees under a statute governing attorney fees is discretionary. *Sheer Constr., Inc. v. W. Hodgman & Sons, Inc.,* 326 N.W.2d 328, 334 (Iowa 1982) (citations omitted). We review only for an abuse of discretion. *Id.; see In re Marriage of Russell,* 473 N.W.2d 244, 247 (Iowa App.1991) (citing *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App. 1987)). To overturn a trial court's decision on attorney fees the complaining party must show the trial court abused its discretion. *In re Marriage of Cooper,* 451 N.W.2d 507, 510 (Iowa App.1989).

Richard contends the district court erred in denying his request for attorney fees. Marcia, by her actions, has caused Richard to incur expenses, including attorney fees, in preparing for trial. Marcia waited until the first day of trial to acknowledge she had made a mistake in seeking a modification of Richard's child support obligation. Richard filed his financial affidavit on October 4, 1991. Marcia had full knowledge of Richard's income on that date. Marcia, however, did not seek a voluntary dismissal until February 13, 1992. Richard was forced to prepare and defend himself against Marcia's modification action. Richard's attorney claims he worked forty hours on this case at the trial level. Richard answered Marcia's application for modification, filed an affidavit of financial status, answered interrogatories, and discussed the action with his attorney.

The issue on appeal is whether upon plaintiff's voluntary dismissal of her action, defendant became the prevailing party for purposes of an award of reasonable attorney fees under Iowa Code section 598.36. Although we limit our determination to the facts of this case, we answer in the affirmative. We reverse the district court order denying defendant's request for attorney fees.

■ Section 598.36 allows a court to award attorney fees it deems reasonable to the prevailing party.

In a proceeding for the modification of an order or decree under this chapter the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court.

Iowa Code § 598.36 (1991). When plaintiff voluntarily dismissed her action to modify Richard's child support obligation, Richard became the prevailing party for purposes of the statutory provision regarding an award of reasonable attorney fees. *See 51 Island Way Condominium Ass'n v. Williams,* 458 So.2d 364, 366 (Fla.Dist.Ct. App.1984); *Dolphin Towers Condominium Ass'n v. Del Bene,* 388 So.2d 1268 (Fla.Dist.Ct.App.1980); *Jackson v. Hatch,* 288 So.2d 564 (Fla.Dist.Ct.App.1974) (plaintiff's voluntary dismissal of action to foreclose on mechanics lien rendered defendants prevailing parties); *Lion Oil Co. v. Tamarac Lakes, Inc.,* 232 So.2d 20 (Fla. Dist.Ct.App.1970); *see also Dean Vincent, Inc. v. Krishell Lab., Inc.,* 271 Or. 536, 532 P.2d 237, 238 (1975) ("defendant was the prevailing party because a voluntary nonsuit [which was sought by plaintiff] terminates the case in a defendant's favor"). Even though there was no final determination on the merits, Richard was the prevailing party and as such is entitled to reasonable attorney fees under the procedural rule. *Dam v. Heart of Fla. Hosp., Inc.,* 536 So.2d 1177, 1178 (Fla.Dist.Ct.App.1989) (citing *Jackson,* 288 So.2d at 566; *51 Island Way Condominium Ass'n,* 458 So.2d at 366). We believe the legislature must have had this situation in mind, as well as those in which a defendant might prevail on the merits, when it provided for the allowance of attorney fees to the prevailing party. *See Dolphin,* 388 So.2d at 1269; *51 Island Way Condominium Ass'n,* 458 So.2d at 366; *Dean,* 532 P.2d at 238–39. "[I]t is well-established that statutory or contractual provisions providing for an award of attorney's fees to the prevailing party in litigation encompass defendants in suits which have been voluntarily dismissed." *Hatch v. Dance,* 464 So.2d 713, 714 (Fla.Dist.Ct.App.1985) (citing *Dolphin,* 388 So.2d at 1269). We adopt this view.

We note some jurisdictions have held a plaintiff's voluntary dismissal of its action does not render defendant a prevailing party for purpose of a statutory provision regarding attorney fees. *Gray v. Kay*, 47 Cal.App.3d 562, 120 Cal.Rptr. 915 (1975); *Associated Convalescent Enters. v. Carl Marks & Co.*, 33 Cal.App.3d 116, 108 Cal. Rptr. 782 (1973). The facts of such cases are similar to one another. In such cases the plaintiff accomplished dismissal of its action by filing a written request of dismissal with the clerk of court. *Gray*, 47 Cal.App.3d at 564, 120 Cal.Rptr. at 916; *Associated*, 33 Cal.App.3d at 118, 108 Cal. Rptr. at 783. The courts noted the statutory provision upon which defendants based their claims for attorneys' fees specifically defined the term "prevailing party" as the party in whose favor final judgment is rendered. *Gray*, 47 Cal.App.3d at 564, 120 Cal.Rptr. at 917; *Associated*, 33 Cal.App.3d at 119, 108 Cal.Rptr. at 784. The courts held the clerks' dismissals on plaintiffs' requests failed to amount to final judgments. *Gray*, 47 Cal.App.3d at 565, 120 Cal.Rptr. at 917; *Associated*, 33 Cal.App.3d at 121, 108 Cal.Rptr. at 785. The courts opined their legislatures could not have intended a ministerial, nonjudicial act by a clerk to result in defendants becoming prevailing parties under the relevant statutes. *Gray*, 47 Cal.App.3d at 565, 120 Cal.Rptr. at 917; *Associated*, 33 Cal.App.3d at 121, 108 Cal.Rptr. at 785. The courts denied defendants' motions for attorneys' fees on the basis no final judgment was rendered in the form of a judgment or decree by the court. *Gray*, 47 Cal.App.3d at 567, 120 Cal.Rptr. at 919; *Associated*, 33 Cal.App.3d at 121, 108 Cal.Rptr. at 785. The facts of the instant case do not fall within the facts of such cases because plaintiff's voluntary dismissal motion was granted by the court on the first day of trial.

■ Based on the facts of this case, we determine the district court abused its discretion in denying Richard's request for attorney fees. Without commenting upon the amount of fees Richard should pay, we determine only what amount Marcia should pay. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983) (citing *In re Marriage of Horstmann*, 263 N.W.2d 885, 892 (Iowa 1978)). We reverse the district court and order Marcia shall pay $600 toward Richard's trial attorney fees. *See* Iowa R.Civ.P. 215.

■ Richard also seeks appellate attorney fees in the amount of $816. Richard's attorney claims he worked 10.2 hours on this appeal. In addressing Richard's request, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend against the trial court's decision on appeal. *Russell*, 473 N.W.2d at 247 (citation omitted). Richard has prevailed under our review, and Marcia should contribute toward his appellate attorney fees. *See In re Marriage of Marshall*, 394 N.W.2d 392, 397 (Iowa 1986). We order Marcia to pay $400 to apply upon Richard's appellate attorney fees. Costs of this appeal are taxed to Marcia.

**REVERSED.**