In re the MARRIAGE OF Rhett Gustave KRONE and Karen Denise Krone.

Upon the Petition of Rhett Gustave Krone, Appellant,

And Concerning Karen Denise Krone, Appellee.

No. 94–751.

Court of Appeals of Iowa.

Feb. 28, 1995.

Thomas M. Walter of Johnson, Hester & Walter, Ottumwa, for appellant.

Benny B. Waggoner, Fairfield, for appellee.

Heard by DONIELSON, C.J., and HABHAB and CADY, JJ.

DONIELSON, Chief Judge.

Rhett Krone appeals the custody, child support, visitation and attorney fee provisions of a modification decree. Our review in this equity action is de novo. Upon our review of the parties' arguments, the record and the applicable law, we affirm the custody and attorney fee provisions of the decree. We modify the child support and visitation provisions and award Karen Krone appellate attorney fees.

Rhett and Karen Krone were divorced in May 1990. They have two children, Sarah, born September 25, 1980, and Sam, born February 11, 1985. The decree of dissolution provided the parties would have joint legal custody and shared physical care of their children. The decree also provided Rhett would pay child support in the amount of $1,700 per month until May 1993 and $1,200 per month thereafter.

Rhett is a medical doctor board certified in emergency medicine. He is an independent contractor with Spectrum Emergency Care working 36 hours a week at the Mahaska County Hospital. He generally works ten twenty-four hour shifts per month. Rhett earns $48.15 per hour.

Rhett remarried in 1990, and he and his second wife have the care of their daughter born in 1992 and his wife's two daughters from a previous marriage. Rhett's second wife is not presently employed outside of the home.

Karen is a physical education and substitute teacher. The private school at which she teaches provides her with housing, meals, utilities, free education for her children, and a net monthly cash stipend of $323.

In April 1993 Rhett filed a petition to modify the decree requesting he be granted the primary physical care of the children. In May 1993 Karen filed a cross-application for modification requesting: she be granted primary physical care of the children; Rhett be afforded liberal visitation with the children; child support be modified to comport with the child support guidelines; and Rhett be required to pay her attorney fees and costs.

The district court found the shared physical care arrangement was not working and constituted a substantial change in circumstances warranting a modification of the dissolution decree. The court granted Karen primary physical care of the children. Rhett was granted visitation every other weekend from 9:00 a.m. Saturday to 6:00 p.m. Sunday, alternate holiday visitation, and three weeks summer visitation. The court further found Rhett's net monthly income was $7,000 and Karen's net income was $1,100 per month. The court ordered Rhett to pay $2,100 in monthly child support. The court also ordered Rhett to pay $1,500 of Karen's attorney fees. Rhett appeals and Karen requests appellate attorney fees.

## I. CUSTODY

Both parties agreed the shared physical care arrangement provided in the dissolu-

tion decree was not working, and each wished to be awarded the primary physical care of Sarah and Sam. The district court found the shared custody arrangement was not working and a substantial change of circumstances warranted modification of the decree. It concluded Karen should be awarded the physical care of the children. In denying Rhett's motion for a new trial, the district court noted its custodial decision had been based "upon the appearance, demeanor, character, credibility, history, working hours, and demonstrated abilities of the parties themselves."

 "In child custody cases, the best interests of the child is the first and governing consideration." *In re Marriage of Rodgers*, 470 N.W.2d 43, 44 (Iowa App.1991). We look to determine which parent will in the future provide an environment where the child is most likely to thrive. *In re Marriage of Engler*, 503 N.W.2d 623, 625 (Iowa App. 1993). In reviewing a district court's award of custody, we are not bound by its findings but give them deference because the district court had an opportunity to view, firsthand, the demeanor of the parties and evaluate them as custodians. *See id.*

The record reveals both parties love the children and have provided good homes for them during the course of the shared custody arrangement. We concur with the district court's conclusion that shared physical care is no longer working and custody should be modified. We affirm the award of the children's physical care to Karen. She was the children's primary caretaker prior to the dissolution and has attempted to foster a good relationship between the children and Rhett since the divorce. Karen's work schedule essentially mirrors the children's school schedule and would facilitate maximum contact and oversight of the children by Karen.

We believe the district court was in the best position to observe each parent's demeanor and assess credibility with respect to the various issues which arose at trial. We affirm the decision to award the children's primary physical care to Karen.

## II. CHILD SUPPORT

 Rhett contends the trial court erred in raising his support obligation to $2,100 a month and he should continue to pay $1,200 a month as provided in the dissolution decree. Rhett argues the district court erroneously determined the amount of his net monthly income and improperly concluded the child support guidelines required he pay at least 30% of his income as support.

Neither Rhett nor Karen filed a current affidavit of financial status. Iowa Code § 598.13 (1993). Testimony was offered regarding each party's income and Rhett offered his 1992 tax return and recent pay stubs into evidence.

 A court must determine a parent's current monthly income from the most reliable evidence presented. *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). We have examined Rhett's 1992 tax return and recent pay stubs and conclude sufficient evidence existed from which the district court could conclude he had a net monthly income of $7,000. Since Rhett's net monthly income exceeds $3,001, the amount of child support to be awarded was within the district court's discretion. *In re Marriage of Steele*, 502 N.W.2d 18, 21–22 (Iowa App.1993). The statutory factors of Iowa Code subsections 598.21(4) and (8) may be considered when the guidelines require judicial discretion. *Powell*, 474 N.W.2d at 532.

 We recognize an award of child support need not be limited to that which is necessary to meet the actual current needs of a child, but may reflect the standard of living the child would have enjoyed but for the dissolution. *Powell*, 474 N.W.2d at 534. Even so, we conclude an award of $2,100 in monthly child support was excessive. We conclude Rhett's child support obligation should be set at $1,500 per month.

## III. VISITATION

 Rhett contends the visitation awarded by the district court is unduly limited and he should be awarded additional visitation with his children. In determining the appropriate amount of visitation, we are guided by the principle a court should order such visitation

as will ensure a child the opportunity for maximum continuing physical and emotional contact with the noncustodial parent. *See* Iowa Code § 598.41(1) (1993).

In her brief Karen indicates she does not object to extending Rhett's visitation to include Friday nights and to giving him visitation one week night during the weeks when he does not have weekend visitation. Accordingly, we modify the district court's decree to provide that Rhett's weekend visits will run from 5:00 p.m. every other Friday until 5:00 p.m. on Sunday as requested by Rhett. During the weeks in which he does not have weekend visitation, he will have one week night of evening visitation from 5:00 p.m. until 9:00 p.m. This week night visitation will be on a night mutually agreed by the parties, and if they cannot agree as to a night, it will be held on Wednesdays.

Rhett requests his three weeks of summer visitation be increased to six weeks. Karen asserts the children's private school does not provide for as much summer vacation as the public schools and awarding six weeks of visitation to Rhett is not reasonable under the circumstances. We modify the decree to include Karen's proposed compromise on this issue. The parties will equally divide the children's summer vacation time, with each party deciding the time they prefer in alternate years. Rhett will be the first to designate his preferred summer visitation with the children for 1995. Such designation will be made by any date mutually agreed to by the parties or by May 1 if the parties cannot otherwise agree. We see no reason to modify the decree with respect to the district court's award of visitation on major holidays and reject Rhett's argument on this issue.

## IV. TRIAL ATTORNEY FEES

■ Rhett appeals from the district court's order requiring him to pay $1,500 of Karen's attorney fees. Rhett contends Karen failed to submit any evidence or itemization of her attorney fees and Rhett was denied an opportunity to respond to the necessity or reasonableness of the fees incurred. Rhett challenges whether Karen was the "prevailing party" and if the district court could award attorney fees when she offered no proof of their amount.

■ Rhett cites no authority for the proposition an offer of proof or itemization is necessary before a district court may award attorney fees in modification proceedings. While the submission of such evidence is helpful and recommended, its absence does not preclude an award of attorney fees.

■ Attorney fees in actions for modification of dissolution decrees are not a matter of right but may be awarded to the prevailing party in an amount deemed reasonable by the court. *In re Marriage of Kimmerle*, 447 N.W.2d 143, 145 (Iowa App.1989). Karen prevailed on the merits and is the "prevailing party" for purposes of an award of attorney fees. Iowa Code § 598.36 (1993); *see also In re Marriage of Roerig*, 503 N.W.2d 620, 622 (Iowa App.1993).

■ This was a two-day modification trial preceded by considerable discovery proceedings. The trial judge's ruling indicates he reviewed the court file and could estimate the amount of time Karen's counsel spent on the case. Rhett concedes the trial court has some expertise regarding the value of attorney fees and the necessity of spending time on particular issues. Trial courts have considerable discretion in awarding attorney fees. We find sufficient evidence from the trial court record from which the court could have concluded $1,500 was a reasonable partial award for services performed by Karen's attorney. We affirm this award.

## V. APPELLATE ATTORNEY FEES

■ Karen requests an award of appellate attorney fees. We have the discretion to award appellate attorney fees under Iowa Code section 598.36. In addressing Karen's request we consider her needs in making it, the ability of Rhett to pay and whether Karen was obligated to defend the trial court's decision on appeal. *Roerig*, 503 N.W.2d at 623. Karen has prevailed on appeal, and Rhett should contribute toward her appellate attorney fees. We order Rhett to pay $1,500 to apply to Karen's appellate attorney fees. The costs of this appeal are taxed to Rhett.

**AFFIRMED AS MODIFIED.**

CADY, J., concurs.

HABHAB, J., dissents.

HABHAB, Judge (concurring in part; dissenting in part).

I concur in all respects with the majority opinion except that part which covers the subject of child support. As to the child support allowance, I dissent and in doing so, I would affirm the trial court's allowance of $2100 per month.