
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND REUDY; MARK KEVIN HICKS, dba Advertising Display Systems, | No. 10-15533 |
| Plaintiffs - Appellants, | D.C. No. 06-CV-05409-SC |
| v. | MEMORANDUM[*] |
| CBS CORPORATION, a Delaware corporation; PATRICK ROCHE, an individual, | |
| Defendants - Appellees, | |
| and | |
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation; WILLIAM HOOPER, an individual; DOES 1-50, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 13, 2011
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and BLOCK, District Judge.[**]

1.       The plain language of the Purchase and Sale Agreement does not limit entitlement to attorney's fees to those incurred in an independent action to enforce the agreement. *See Thompson v. Miller*, 4 Cal. Rptr. 3d 905, 913 (Ct. App. 2003). Because the fee provision allows either party to recover fees, section 1717 of the California Civil Code does not apply. *See Associated Convalescent Enters. v. Carl Marks & Co.*, 108 Cal. Rptr. 782, 785 (Ct. App. 1973).

2.       There is no support for appellants' contention that the fee-shifting rule applicable to antitrust claims displaces the different rule set forth in the agreement.

3.       With respect to Roche's attorney's fees, the parties agreed that a defaulting party would pay "any and all costs arising as a result of [its] default, including reasonable attorneys' fees." On its face, that provision is not limited to fees incurred by the contracting parties. In any event, Roche was a beneficiary of the agreement's covenant not to sue, and appellants do not dispute that CBS

---

[**]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

incurred fees defending him.  *See Loduca v. Polyzos*, 62 Cal. Rptr. 3d 780, 786 (Ct.

App. 2007).

**AFFIRMED.**