Filed 1/3/23  Lin v. Flakes CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WALLACE LIN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SOOHYUNG FLAKES, et al.,<br><br>    Defendants and Respondents. | H048413<br>(Santa Clara County<br>Super. Ct. No. 18CV332977) |

The trial court granted a motion to transfer venue in this case from Santa Clara County Superior Court to San Francisco County Superior Court. When appellant Wallace Lin failed to timely pay transfer fees, as required by Code of Civil Procedure section 399, subdivision (a),[1] the trial court granted a motion to dismiss the action and entered judgment accordingly. On appeal, Lin contends the trial court erred in doing so. We will affirm the judgment.[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Lin represents himself in this appeal, as he did at the trial court. Because of certain deficiencies in his briefing, we note that as a self-represented appellant, Lin " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' [Citation.] Accordingly, we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. [Fn. omitted.] We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).) We did not use the hyperlinks provided in the brief to view documents, as it was clear from a review of the clerk's transcript and the discussion provided by Lin in his brief that not all of the documents were included in the clerk's

# I. FACTUAL AND PROCEDURAL BACKGROUND

Lin filed a complaint in Santa Clara County Superior Court against respondents SooHyung Flakes, Michael Sabeti, Caren Pierorzio, Fran Vinculado, Wilson Hsin, and the Regents of the University of California (collectively UCSF) and Carestream Health Inc. (Carestream), setting forth causes of action stemming from "X-ray overdose and radiation sickness" Lin alleges he sustained while receiving dental treatment at the University of California San Francisco Dental Center.[3] After Lin filed an amended complaint, UCSF moved to transfer venue to San Francisco County Superior Court pursuant to section 397, subdivision (a), which authorizes the court to "change the place of trial . . . [¶] . . .[w]hen the court designated in the complaint is not the proper court." UCSF argued Santa Clara County was not the proper venue under section 395, subdivision (a),[4] as the alleged injuries occurred in San Francisco County, and none of the defendants resided or worked in Santa Clara County. They identified San Francisco County as the proper venue because that is where the alleged injury took place, and where Lin entered into the contract for services with UCSF.

transcript. We considered only those documents included in the clerk's transcript. Understanding the difficulties encountered by self-represented appellants, we exercised our discretion to liberally construe appellant's pleadings. However, as discussed below, where the referenced materials could not be located in the record on appeal, we proceeded as if there was no citation to the record.

[3] Lin named UCSF School of Dentistry and Eastman Kodak Company as defendants. Later pleadings revealed that the Regents of the University of California and Carestream were the properly named parties. Where appropriate, we refer to UCSF and Carestream collectively as respondents.

[4] In a personal injury action, the proper venue is the county where the injury occurred, or the county where at least one defendant resides. (§ 395, subd. (a).) Except as set forth in section 395, subdivision (b), where the action arises out of a contract to perform an obligation, the proper venue is "the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action. . . ." (*Ibid.*)

The trial court granted the motion to transfer venue in an order issued in September 2019, finding that the case in essence alleged malpractice, such that section 395, subdivision (a) applied, rather than 395, subdivision (b).[5]

Lin filed a motion for reconsideration of the order changing venue. He asked the trial court to "fully reconsider and specifically address and resolve" 22 "issues," in addition to the "issues and arguments" he raised in his opposition to the motion to transfer venue. UCSF opposed the motion, contending that it was untimely, and that Lin failed to identify " 'new or different facts, circumstances, or law' justifying reconsideration of the Venue Order as required by [section 1008, subdivision (a)]." UCSF further argued that the appropriate mechanism by which Lin could obtain relief was a petition for writ of mandate pursuant to section 400, not a motion for reconsideration under section 1008, subdivision (a).

The trial court denied the motion for reconsideration, after issuing a tentative ruling that none of the parties contested. Assuming without deciding that it had jurisdiction to rule on the motion, and that the motion was timely, the court found that Lin did not raise any "new issues of fact or law that would justify reconsideration of the Court's order transferring venue to San Francisco County."

UCSF, joined by Carestream, thereafter filed a motion to dismiss the action pursuant to section 399, subdivision (a), on the ground Lin failed to pay the statutorily mandated venue transfer fees.[6] In the motion to dismiss, UCSF argued that section 399,

_____

[5] "[I]n an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use, . . . the superior court in the county where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action is the proper court for the trial of the action." (§ 395, subd. (b).)

[6] When the trial court grants a motion to transfer venue because the action was commenced in an improper court, the plaintiff is required to pay the costs and fees of the transfer to the new venue before the transfer is made. (§ 399, subd. (a).) "The cause of action shall not be further prosecuted in any court until those costs and fees are paid. If

subdivision (a) made Lin responsible for paying the fees, and required the court to dismiss the action without prejudice.

Lin initially opposed the motion on the grounds that the timing of the motion was improper due to court closures related to the Covid-19 pandemic, and because his time to seek review of the orders granting the change of venue and denying the motion for reconsideration had not yet elapsed.[7] Lin then contended he should have had the opportunity to amend his complaint as needed. In context, it appears that Lin reiterated the arguments he made in opposition to the motion to transfer venue. Lin also alleged that he had good cause for not paying the transfer fees, given that he appealed from the order granting the change of venue, and given that both he and UCSF had fee waivers.

After hearing oral argument, the court issued a written order granting UCSF's motion to dismiss based on Lin's failure to pay the transfer fees within 30 days after service of the court's order changing venue.[8] The court rejected Lin's contention that he did not know such fees were due because the court clerk did not notify him of such. The court also rejected Lin's claim that his preexisting fee waiver excused him from paying

those costs and fees are not paid within 30 days after service of notice of the transfer order, if a copy of a petition for writ of mandate pursuant to Section 400 is filed in the trial court, or if an appeal is taken pursuant to Section 904.2, then, within 30 days after notice of finality of the order of transfer, the court on a duly noticed motion by any party may dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court before satisfaction of the court's order for costs and fees." (§ 399, sub. (a).)

[7] In April 2020, Lin filed a notice of appeal from these orders, in appeal number H048210. This court granted UCSF's motion to dismiss that appeal on the grounds it was not an appealable order pursuant to section 400, which provides, in relevant part, "the party aggrieved by the order [changing venue] may, within 20 days after service of a written notice of the order, petition the court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring trial of the case in the proper court." At the time Lin filed the appeal in H048210, the order was reviewable not by appeal, but by writ petition. On its own motion, this court takes judicial notice of the docket in appeal number H048210.

[8] Lin did not designate a reporter's transcript or settled statement from the hearing as part of the record on appeal.

the transfer fees. The court entered a judgment of dismissal, after which Lin timely filed a notice of appeal.

## II.   DISCUSSION

### A. *The Appeal is not Subject to Dismissal*

We first address respondents' contention that the judgment of dismissal is not appealable, as a dismissal ordered pursuant to section 399, subdivision (a), is "without prejudice."[9] They ask this court to dismiss the appeal as taken from a nonappealable order.

The authorities cited by respondents are inapposite. Those appellate cases stand for the proposition that a voluntary dismissal without prejudice is not an appealable, final judgment on the merits.[10] (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 879; *Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 121.) But here the trial court entered an involuntary dismissal over Lin's objection.

Respondents further rely on authorities holding that a stipulation to dismiss certain causes of action without prejudice can render a dismissal order nonappealable, suggesting Lin's failure to pay the required fees is akin to such a stipulation. (See *Abatti v. Imperial Irrigation Dist.* (2012) 205 Cal.App.4th 650, 666-667 (*Abatti*); *Hill v. City of Clovis* (1998) 63 Cal.App.4th 434, 442-443 (*Hill*).) The California Supreme Court has held, "When . . . the trial court has resolved some causes of action and the others are *voluntarily* dismissed, but *the parties have agreed* to preserve the voluntarily dismissed

---

[9] Neither the order granting the motion to dismiss the action, nor the subsequent judgment, specify that the action is dismissed without prejudice. Respondents moved to dismiss the matter pursuant to section 399, subdivision (a), and implicitly recognized that the dismissal would be without prejudice, as they requested an order precluding Lin from refiling any other lawsuit based on the same causes of action until the fees were paid.

[10] Carestream joined in UCSF's "response brief on appeal." Carestream also indicated it was joining UCSF's "Respondent's Appendix." UCSF did not file an appendix in this appeal.

counts for potential litigation upon conclusion of the appeal from the judgment rendered, the judgment is one that 'fails to complete the disposition of all the causes of action between the parties' [citation] and is therefore not appealable." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1105 (*Kurwa*), italics added.) But although Lin voluntarily declined to pay the required fees under section 399, subdivision (a), he did so believing that the trial court erred in granting the motion to change venue in the first instance. We distinguish his election from the voluntary agreement between parties to preserve claims for future litigation described in *Abatti* and *Hill*.

Further, even if we deemed the court's dismissal of the action voluntary because Lin failed to pay the venue transfer fees, the California Supreme Court has held that a voluntary dismissal, "unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts. [Citation.] That is because 'a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action.' [Citation.]" (*Kurwa*, *supra*, 57 Cal.4th at pp. 1105-1106.) It is when the parties agree to toll or waive the statute of limitations on a dismissed cause of action that the judgment disposing of the other causes of action is not yet final and appealable. (*Ibid*.) We observe that the statutes of limitations generally applicable to the causes of action raised by Lin likely would preclude any opportunity to pay the required fees and file a new complaint in the proper venue. (See § 335 et seq.)

We recognize that allowing Lin to appeal from the trial court's dismissal based on his failure to pay transfer fees could appear to allow him to circumvent the requirements of section 399, subdivision (a). Yet, there is ample precedent for appellate courts treating dismissals entered without prejudice under other provisions of the Code of Civil Procedure as final for purposes of appealability. Notably, orders dismissing an action for

6

delay in prosecution under section 583.110 et seq., which are entered without prejudice (§ 581, subd. (g)), are appealable. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 588 [dismissal for failure to prosecute within five years appealable]; *Sylvestre v. King Mfg. Co.* (1967) 256 Cal.App.2d 236, 238 [dismissal for failure to timely serve summons appealable].) Much like a dismissal without prejudice based on failure to pay venue transfer fees, a party whose case is dismissed without prejudice for delay in prosecution or failure to appear at trial runs the risk that claims raised in a new case will be barred by the statute of limitations.

Further, finding the dismissal order appealable is not at odds with the intent of the Legislature embodied in the legislative history of section 399, subdivision (a), which was added to the Code of Civil Procedure by Assembly Bill No. 3439 (1973-1974 Reg. Sess.). (Stats. 1974, ch. 1369, § 3, pp. 2965-2966.) The Legislature amended the change of venue provisions of the Code of Civil Procedure at that time to discourage plaintiffs from filing their cases in improper venues, and to ensure consequences when someone did file in the improper court. (See Assem. Com. on Judiciary, Bill Digest of Assem. Bill No. 3439 (1973-1974 Reg. Sess.) Apr. 30, 1974, pp. 1-2; Assem. Com. on Judiciary, Bill Digest of Assem. Bill No. 3439 (1973-1974 Reg. Sess.) May 21, 1974, pp. 1-2; Assem. Com. on Judiciary, Bill Digest of Assem. Bill No. 3439 (1973-1974 Reg. Sess.) June 10, 1974, pp. 1-2.) These added consequences include allowing a defendant to recover reasonable attorney fees and costs incurred in making a motion to change venue when the case is not filed in the proper court, and requiring a plaintiff to pay any order for fees and costs before filing a new case in the proper court after the dismissal without prejudice. (*Ibid.*)

Allowing a plaintiff to appeal the dismissal without prejudice does not negate any of these legislative protections included in section 399, subdivision (a). Whether or not we dismiss the appeal, because we affirm the judgment, Lin must still pay the fees to file a new case in San Francisco County, assuming that the statutes of limitations on his

7

claims have not yet expired. Under these circumstances, we are satisfied that the dismissal represents a "final judicial determination" of Lin's rights against the respondents in this action "and therefore is appealable in accordance with the general rule." (*Topa Ins. Co. v. Fireman's Fund Ins. Companies* (1995) 39 Cal.App.4th 1331, 1336.)

### B. Lin Has Not Demonstrated Error in the Orders Granting the Transfer of Venue and Denying the Motion for Reconsideration

Although Lin's notice of appeal purports to seek review of the order granting respondents' motion to dismiss and the judgment of dismissal, Lin contends in that notice that these orders "compound[ed] earlier erroneous orders granting venue transfer and denyi[ng] reconsideration[.]" In his appellant's opening brief, Lin argues that the trial court's ruling on the motion to transfer venue, in particular the determination that the action was a malpractice action, rendered the order, "and all subsequent decisions, orders and actions that follow and emanate from it, erroneous." He asks this court to reverse and vacate the order granting the motion to transfer venue.

Respondents argue that the order granting the transfer of venue is not appealable, as section 400 allows an aggrieved party to petition the appellate court for a writ of mandate within 20 days after service of the written notice of the order. That statute says a party "may" file such a petition. It does not mandate the petition, or otherwise indicate that a failure to file an immediate writ petition deprives the party of appellate review upon entry of a judgment. Notably, in *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, a case respondents rely on to support their contention that the order to transfer venue is not appealable, the appellate court clearly indicated that the order was appealable after entry of judgment. (*Id.* at p. 42 ["Appellant has shown no exigent reasons why review of the venue ruling should not, as is usual, await the rendition of a final judgment, so as to avoid multiple piecemeal appellate dispositions[,]" disapproved on other grounds by *K.J. v. Los Angeles Unified School Dist.* (2020) 8

8

Cal.5th 875.) While Lin could have challenged the order transferring venue by writ petition prior to the entry of judgment, he was not required to do so, and can now seek review in this appeal from the judgment of dismissal. (See § 906.)

Because we presume the order of the lower court to be correct, Lin bears the burden of affirmatively demonstrating that the trial court erred in granting the motion to transfer venue. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Id.* at p. 609.)

Lin's opposition to the motion to transfer venue is not part of the record on appeal. Nor did he designate a reporter's transcript or other record from the trial court's hearing on the motion. From the record on appeal, this court cannot discern the arguments Lin raised below, or determine whether he made the arguments he raises on appeal to the trial court in opposing the motion, thus preserving those arguments for appeal. As we do not have adequate record, we presume the arguments were not raised below and Lin's claims with regard to the order granting the motion to transfer venue are therefore forfeited. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186, fn. 2; *Hepner v. Franchise Tax Board* (1997) 52 Cal.App.4th 1475, 1486 (*Hepner*) ["In civil cases, constitutional questions not raised in the trial court are considered waived."].)

To the extent Lin seeks review of the order denying his motion for reconsideration, he similarly failed to designate an appropriate record to meet his burden to demonstrate that the trial court erred. The record he provided includes only the memorandum of points and authorities he filed with the motion, which does not identify the basis for his reconsideration request. More importantly, given that Lin had to raise a new issue of law or fact to justify reconsideration of the order transferring venue to San

Francisco County, this court would need to know the evidence and argument he presented to the trial court in the first instance in order to determine whether his reconsideration motion included "new or different facts, circumstances, or law" as required by section 1008, subdivision (a). Lin's failure to provide an adequate record requires that the issue be resolved against him. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

## C. Lin Has Not Demonstrated Error in the Order Dismissing the Action

Citing to evidence that is not part of the record on appeal, including "recently" obtained evidence, Lin contends the trial court judge was "intimately connected" with UCSF, such that he could not provide Lin a fair hearing. Lin alleges the trial court judge, prior to the hearing on the motion to transfer venue, disclosed that he had previously been employed by "the UC Regents," but failed to fully disclose the nature of his prior relationship with the University of California. As already discussed, we will not consider evidence outside of the record. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 (*Meridian*).) Nor will we consider arguments not raised in the trial court. (*Hepner*, *supra*, 52 Cal.App.4th at p. 1486.) Lin does not cite any evidence in the record in support of his claims. He did not, as far as the record reveals, raise these claims to the trial court. Thus, Lin's contention of alleged unfair treatment is waived on appeal.

Lin further claims that the orders, including the judgment of dismissal, create "[d]angerous [p]recedential [c]onsequences" and are "[p]recedentially disparate" and "[h]armful [t]o [p]ublic [p]olicy." He argues that the respondents are not prejudiced or inconvenienced if venue remains in Santa Clara County; that statutes and laws need to "catch up" with technological advances; and that the trial court's orders go against the published edicts of the justices of the California Supreme Court. Lin's concerns primarily address the effect of the order transferring venue. But as discussed previously, we do not have an adequate record to address the alleged effects of the transfer of venue, and have no record of whether Lin raised these issues below. Nor does Lin cite any legal

10

authority in support of these arguments. Thus, we treat them as waived. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)

Lin argues that the trial court's orders violated his First, Eighth and Fourteenth Amendment rights. While Lin cites legal authority in support of his argument under the Fourteenth Amendment, it is clear that this argument, as well as those under the First and Eighth Amendments, go to the propriety of the trial court's order transferring venue to San Francisco County. We are once again unable to address these contentions as we have no record of the proceedings from which to judge what took place in the trial court. We must treat these arguments, which are not developed or supported by adequate citations to the record or legal authority, as waived. (*Meridian*, *supra*, 67 Cal.App.5th at p. 684.)

Lin does not address any factual or legal authority demonstrating that the trial court erred in granting the motion to dismiss the action without prejudice pursuant to section 399, subdivision (a), after Lin failed to pay the fees required by that statute. As such, we must affirm the subsequent judgment of dismissal.

## III.    DISPOSITION

The August 14, 2020 judgment of dismissal is affirmed.

_____
Greenwood, P. J.

I CONCUR:


_____
Grover, J.


I CONCUR IN THE JUDGMENT ONLY:


_____
Lie, J.


Lin v. Flakes et al.
No. H048413