[No. G004335. Fourth Dist., Div. Three. May 31, 1988.]

LOUIS ROSEN, Plaintiff and Respondent, v.
ROBERT P. WARMINGTON CO., Defendant and Appellant.

**COUNSEL**

Friedemann, La Scala, Keto & Fingal, Thomas P. Davis and Michael Robinson for Defendant and Appellant.

Oster, Schubert & Rutten, Edwin A. Oster and Susan M. Rutten for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—Is a defendant who prevails on a motion for judgment on the pleadings as to contractual causes of action, but remains as a defendant on tort counts, entitled to attorney fees pursuant to Civil Code section 1717 when the plaintiff subsequently voluntarily dismisses the defendant as to the "entire action"? Although we have not been cited to, nor independently discovered, authority directly on point, we conclude he is not.

I

Louis Rosen was given a right of first refusal in his lease on certain property. The lessors sold the demised property and an adjacent parcel to a joint venture, which in turn agreed to sell the adjacent parcel to The Robert P. Warmington Company (Warmington).

In March 1984, Rosen filed a complaint for specific performance, declaratory relief, breach of contract, and a variety of tort causes of action including interference with business advantage; all were premised on an alleged failure to allow him a right of first refusal on both parcels. He appended a demand for attorney fees pursuant to the lease agreement.[1]

In July 1985, Warmington noticed its motion for judgment on the pleadings and dismissal of the first cause of action. Meanwhile, Rosen signed and served a request to dismiss Warmington on the first, second, and third causes of action. It was not entered by the clerk until August 7, 1985, the date set for the hearing on Warmington's motion.

The court dismissed with prejudice the first cause of action as to Warmington, notwithstanding Rosen's "attempt to dismiss the First Cause of Action of the First Amended Complaint without prejudice . . . which request for dismissal does not meet the requirements of the Code of Civil Procedure § 581." The court's order, dated August 19, 1985, was "deemed"

---

[1] Paragraph 21 of the lease provided: "In the event it is necessary for any party hereto to initiate any action to recover the possession of the demised premises, collect any money due him hereunder or enforce any other provision, condition or agreement of this lease, the court, in any such legal action, as part of the judgment therein, shall direct the non-prevailing party to pay to the prevailing party a reasonable attorneys' fee as may be affixed by the court in said action, as well as the prevailing party's costs of suit."

entered prior to any consideration of Rosen's request to file a second amended complaint. The order concluded: "This Order, in and of itself, does not constitute a finding that Defendant[ ] THE ROBERT P. WARMINGTON CO. [is] the 'prevailing party' with respect to this entire action . . . ."

After Warmington noticed a motion for summary judgment in December 1985, Rosen filed a request to dismiss the entire action with prejudice as to Warmington; dismissal was entered by the clerk in January 1986. Warmington then sought a "judgment" from the court, assuming it could not otherwise be awarded costs. Rosen stipulated to entry of such judgment. We note the form of judgment to which Rosen stipulated did contain reference to the August 1984 order and the allowance of costs incurred. However, the phrase "inclusive of reasonable attorneys' fees in the total amount of $ __" was added to the signed order.

Warmington filed a memorandum of costs, including attorney fees of $131,878.50 and photocopying costs of $1,776.05. Rosen opposed the request and the court disallowed the latter two amounts.[2]

## II

■ Warmington claims it is entitled to its attorney fees under Civil Code section 1717.[3] Under the general provisions of that section, we do not doubt Warmington would be entitled to attorney fees had the matter proceeded through trial or had Warmington succeeded in dismissing *itself* from the case. ■ "The existence of an enforceable agreement is not a prerequisite to an award of attorneys fees under Civil Code section 1717. That section is available even where the prevailing party succeeds on the theory there was never an enforceable contract." (*Manier* v. *Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503, 505-506 [207 Cal.Rptr. 508].)

However, in January 1986, Rosen requested dismissal with prejudice of the "entire action" as to Warmington. ■ "A dismissal of an action by a

---

[2] The memorandum sought a total of $135,407.75:

| | |
|---|---|
| Clerk's fees | 158.00 |
| Transcripts | 811.75 |
| Attorneys' fees | 131,878.50 |
| Photocopies | 1,776.05 |
| Messenger fees | 783.10 |

[3] The section, as it read at the time in question, provided: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees . . . ."

All statutory references are to the Civil Code unless otherwise specified.

plaintiff under section 581, subdivision 1 . . . is available to plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately. [Citation.] The entry is a ministerial, not a judicial, act, and no appeal lies therefrom [citations]. Following entry of such dismissal, the trial court is without jurisdiction to act further in the action [citations] except for the limited purpose of awarding costs and statutory attorney's fees. [Citations.]" (*Associated . Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782.)

 To qualify for section 1717 fees, Warmington must be declared the prevailing party in the action. Yet, section 1717, subdivision (b)(2) provides: "Where an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section."[4] The issue then becomes whether the order for judgment on the pleadings, i.e., the previous *in*voluntary dismissal of the contract causes of action, provides a separate basis for the fees, unaffected by the proscription of section 1717, subdivision (b)(2). We think not.

To allow the trial court to consider those fees would contravene the policy behind voluntary dismissals, as well as the policy underlying the enactment of section 1717, subdivision (b)(2). A voluntary dismissal is not appealable—not by the plaintiff, because he chose that course, and not by the defendant, because presumably he has benefited by the action.

The trial court cannot make any substantive ruling in the action after the dismissal. It may not enter a "judgment" allowing attorney fees without a determination Warmington was the "prevailing party" in the earlier action *and* that the court's judgment on the pleadings was proper in light of Rosen's voluntary dismissal of the contract counts, entered on the day of the hearing. This is tantamount to making subsequent substantive rulings in disguise. And issues not otherwise appealable would become appealable merely because they arose at a hearing on a cost memorandum.

Because Warmington was dismissed from the action voluntarily, section 1717 precludes an award of reciprocal attorney fees otherwise available to

---

[4] Warmington contends section 1717, subdivision (b)(2) does not prevent recovery of its attorney fees because Rosen did not dismiss "the action," but merely the remaining causes of action directed at Warmington alone. The request for dismissal clearly indicates it refers to the "entire action" as it relates to Warmington. See *Gray* v. *Kay* (1975) 47 Cal.App.3d 562 [120 Cal.Rptr. 915], where plaintiff dismissed its first five causes of action as to one defendant, leaving a sixth directed solely at a different defendant: "Since the counts which were asserted against respondents have been dismissed, they are no longer in the case." (*Id.,* at p. 565, fn. 2.) The fact that Rosen's action proceeded against the remaining defendants is of no moment to the status of Warmington.

the "prevailing party," regardless of whether contract causes of action remained until the voluntary dismissal or were excised earlier by either party. This determination obviates the necessity of examining piecemeal each order of the court, in a long and complicated proceeding, to determine if it qualifies a voluntarily and ultimately dismissed defendant to partial fees for the prosecution or defense of that particular issue. We do not believe the Legislature intended such an interpretation of section 1717, subdivision (b)(2). Attorney fees were properly denied.[5]

### III

Warmington contends the photocopying costs were actually a part of its attorney fees and, therefore, "recoverable pursuant to Civil Code section 1717." If they are a portion of the fees, they are unrecoverable for the reasons enunciated in part II, *ante*. If costs, they are specifically disallowed by Code of Civil Procedure section 1033.5, subdivision (b)(3).

Judgment affirmed. Respondent to receive costs.

Scoville, P. J., and Wallin, J., concurred.

---

[5] The March 1986 "judgment" was unnecessary; we interpret it as an order for costs which recites the procedural history and acknowledges the *possibility* of an award of attorney fees upon a proper showing and after hearing. No proper showing was made and the blank space, for attorney fees, requires insertion of a "0."