[No. F061183. Fifth Dist. Oct. 26, 2011.]

CDF FIREFIGHTERS, Plaintiff and Respondent, v.
RICHARD A. MALDONADO, Defendant and Appellant.

## Counsel

Wild, Carter & Tipton and Russell G. VanRozeboom for Defendant and Appellant.

Carroll, Burdick & McDonough, Gregg McLean Adam, Jonathan Yank and Jennifer S. Stoughton for Plaintiff and Respondent.

## Opinion

**LEVY, J.**—Respondent, CDF Firefighters (CDFF), the labor union for firefighters employed by the State of California, filed a complaint for breach of contract against two of its former members, appellant Richard A. Maldonado and Michael Pittman. The complaint alleged that appellant and Pittman had breached their contractual relationship with CDFF by failing to pay the fines that CDFF had levied against them. After six years of litigation, the $22,789.96

fine levied against appellant was found to be invalid and thus appellant was granted a partial judgment on the pleadings. Thereafter, CDFF dismissed its remaining claim against appellant for $743.30[1] with prejudice.

Appellant moved for an award of attorney fees under Civil Code[2] section 1717 as the prevailing party on CDFF's claim for $22,000. The trial court denied appellant's motion on the ground that CDFF's dismissal of its remaining claim for the $743 fine precluded any award of attorney fees under section 1717, subdivision (b)(2). That section provides that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section."

Appellant contends that, because the $22,000 claim was a legally separate cause of action based on a distinct contractual obligation, it could not be voluntarily dismissed after it was adjudicated in appellant's favor. Therefore, appellant argues, he was the prevailing party on this claim and is entitled to an award of reasonable attorney fees. According to appellant, CDFF's dismissal of its remaining claim for $743 does not negate his prevailing party status on the $22,000 claim that was adjudicated.

As discussed below, appellant's position is correct. Therefore, the order will be reversed.

## BACKGROUND

CDFF's constitution and bylaws govern membership in the union and create a contract between the parties. (*CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1230 [70 Cal.Rptr.3d 667] (*CDF Firefighters*).) Under the bylaws' discipline section, either the CDFF board of directors or a union member may bring charges against another member based on specified misconduct. (*Ibid.*)

In September 2002, Pittman filed charges against then CDFF president Tom Gardner alleging that Gardner's delay in reinstating Pittman to union membership following his return to state service was improperly motivated. Appellant represented Pittman on the charges. Following a hearing before a three CDFF member committee, Pittman's charges against Gardner were dismissed. (*CDF Firefighters, supra*, 158 Cal.App.4th at pp. 1231–1232.)

---

[1] For convenience, we will round the amounts of the fines and refer to them as the $743 fine and the $22,000 fine.

[2] Further statutory references are to the Civil Code unless otherwise indicated.

In November 2002, CDFF member Larry German filed charges against appellant and Pittman alleging that they had violated his right to attend the statewide conference as a voting delegate. (*CDF Firefighters, supra*, 158 Cal.App.4th at p. 1232.) A CDFF hearing committee heard the charges and issued a decision in June 2003. This committee sustained two of the charges and officially reprimanded appellant and Pittman for their actions. The committee also found that appellant was responsible for reimbursing German's actual expenses and levied the $743 fine against him. (*Id.* at p. 1235.) Appellant did not pay this fine.

In January 2003, retired CDFF member Ron Bywater filed charges against Pittman pertaining to alleged improprieties that occurred in connection with Pittman's charges against Gardner. At the same time, the CDFF board of directors imposed a trusteeship on the CDFF chapters that appellant and Pittman belonged to. Thereafter, Bywater filed additional charges against appellant and Pittman alleging that they refused to comply with the CDFF trustees and that Pittman disrupted a membership meeting concerning the trusteeship. (*CDF Firefighters, supra*, 158 Cal.App.4th at pp. 1232–1234.) Following an October 2003 hearing, the hearing committee issued its decision in November 2003. Appellant and Pittman were expelled from CDFF membership and were fined 30 percent of the costs of the trusteeship. Pittman and appellant were advised that they each owed over $22,000. (*Id.* at pp. 1228, 1236.) Neither Pittman nor appellant paid this fine.

In June 2004, Pittman filed a petition for writ of mandate challenging his expulsion and seeking to overturn the $22,000 fine. Approximately two weeks later, CDFF filed the underlying breach of contract case against Pittman and appellant seeking to collect the fines levied on them in the Bywater proceeding and to collect the separate fine levied on appellant in the German proceeding. These two actions were later consolidated. (*CDF Firefighters, supra*, 158 Cal.App.4th at p. 1228.)

Following cross-motions for summary judgment, judgment was entered in favor of CDFF on its complaint. CDFF sought approximately $180,000 in attorney fees and was awarded approximately $129,000. Appellant's share was determined to be approximately $37,000. However, this court reversed the judgment granting CDFF's summary judgment motion. (*CDF Firefighters, supra*, 158 Cal.App.4th at p. 1241.)

On remand, the parties agreed that Pittman's writ petition would be heard and determined first. Following the hearing, the trial court concluded that the

$22,000 fine levied against Pittman was improper and could not be imposed by CDFF.

Thereafter, Pittman and appellant moved for judgment on the pleadings. Appellant sought judgment on both the $22,000 fine assessed in the Bywater proceeding and the $743 fine assessed in the German proceeding.

The trial court granted the motions as to the $22,000 fines. The court ruled that, because it had already found that the $22,000 fine was invalid, CDFF was collaterally estopped from relitigating the issue in its breach of contract complaint. The court granted Pittman's motion for judgment on the pleadings without leave to amend. However, the court granted appellant's motion for judgment on the pleadings on the $22,000 claim with leave to amend. The court denied appellant's motion as to the $743 because that issue was not litigated or decided in the related action. CDFF was granted leave to amend the complaint against appellant to pursue the additional $743 fine and possibly other monetary claims that were not included in the writ proceeding.

CDFF did not amend its complaint within the statutory time period. Thereafter, CDFF filed a dismissal of the complaint with prejudice as to appellant only.

Appellant then filed a motion for attorney fees as the prevailing party on the $22,000 claim. CDFF opposed this motion arguing that, because the adjudication of the $22,000 claim did not dispose of the entire case and it voluntarily dismissed the remainder of its claims against appellant, appellant could not be deemed a prevailing party under section 1717, subdivision (b).

At the hearing, the trial court questioned CDFF's position. The court explained that it had difficulty with the concept that CDFF could deny appellant prevailing party status on the $22,000 claim after six years of litigation simply by dismissing the separate $743 claim.

CDFF's counsel responded that the adjudication of the $22,000 claim did not dispose of the entire cause of action and thus appellant could not be deemed a prevailing party under section 1717, subdivision (b)(2). The trial court understood the dilemma. The court replied: "That's [the] part that I have a hard time reconciling with your argument. They went to trial on that cause of action and won, then after six years of litigation you're trying to say that you can go in and dismiss the other cause of action for $700, or whatever, and say we've just wiped out everything that they've won. And the statute may say what you're saying, I'm not saying it doesn't, I'm going to think about it . . . . But, again, that's the part that I just have conceptual difficulty with."

The trial court later denied appellant's motion by written order. Based on the court's reading of the statute, the court concluded that "all claims on the same contract must be looked at together when determining the identity of the prevailing party on that contract. Here, Maldonado prevailed on one of the claims, the other was voluntarily dismissed. The dismissal triggered [section 1717,] subdivision (b)(2)'s prohibition on awarding fees."

## DISCUSSION

Section 1717 provides: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

■  The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610 [71 Cal.Rptr.2d 830, 951 P.2d 399].) Thus, the party prevailing on a contract claim is generally entitled to attorney fees under section 1717 whenever that party would have been liable for attorney fees under the contract had the other party prevailed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 870–871 [39 Cal.Rptr.2d 824, 891 P.2d 804].)

However, section 1717, subdivision (b)(2), sets forth an exception to the general entitlement to contractual attorney fees. "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Thus, "[w]hen a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees.*" (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 617.) The policy behind this provision is to encourage settlements and to discourage the maintenance of pointless litigation. (*Id.* at p. 613; *D & J, Inc. v. Ferro Corp.* (1986) 176 Cal.App.3d 1191, 1194 [222 Cal.Rptr. 656].)

Moreover, section 1717, subdivision (b)(2), provides no temporal limitation. Thus, section 1717 attorney fees are barred regardless of when the

dismissal is filed. (*Marina Glencoe, L.P. v. Neue Sentimental Film AG* (2008) 168 Cal.App.4th 874, 877 [85 Cal.Rptr.3d 800].)

This case presents a novel situation for the application of section 1717. First, the "contract" at issue is the constitution and bylaws of CDFF, a labor union. Thus, all CDFF members are parties to this one contract.

■ More importantly, although the two claims CDFF made against appellant arose from this one contract, they were based on two separate and distinct disciplinary proceedings instigated by two different CDFF members. One fine was imposed in June 2003 and the other was imposed in November 2003. Thus, CDFF sought to recover damages based on two separate and distinct obligations. A cause of action is " 'simply the obligation sought to be enforced.' " (*South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 740 [38 Cal.Rptr. 392].) Accordingly, despite being pled as one cause of action in the complaint, CDFF stated two causes of action. (*Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854 [16 Cal.Rptr.2d 458].)

In fact, these two causes of action could have been filed as separate complaints. The causes of action accrued, i.e., they were complete with all of their elements, at different times. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79].) The claim on the $743 fine accrued on June 30, 2003, and thus a suit could have been maintained at that time. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 815 [107 Cal.Rptr.2d 369, 23 P.3d 601].) However, the claim on the $22,000 fine did not accrue until April 16, 2004, when appellant missed the payment deadline.

As noted above, the cause of action on the $22,000 fine was finally adjudicated in favor of appellant. Therefore, at that time, appellant was the prevailing party on that contract dispute. Thereafter, CDFF voluntarily dismissed the remaining cause of action on the $743 fine. The issue thus becomes whether the voluntary dismissal of one of the separate and distinct contract causes of action bars the recovery of attorney fees on the adjudicated contract cause of action.

Section 1717, subdivision (b)(2), applies when an "action" has been voluntarily dismissed. However, the statute does not define the term "action."

■ Code of Civil Procedure section 22 defines "action" as a "proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right . . . ." In *Frost v. Witter* (1901) 132 Cal. 421 [64 P. 705], the Supreme Court defined the terms "cause of action"

and "action." In doing so, the court noted that an "action" is not equivalent to a complaint. The court explained: "The latter term [(action)] is very commonly confounded with the *suit* (*litis*) in which the action is enforced. But this is not the technical meaning of the term, according to which an action is simply the right or power to enforce an obligation. 'An action is nothing else than the right or power of prosecuting in a judicial proceeding *what is owed to one*,'—which is but to say, an *obligation*. . . . The action therefore springs from the obligation, and hence the 'cause of action' is simply the obligation." (*Frost v. Witter, supra,* 132 Cal. at p. 426.)

▮ Applying this definition here, each obligation alleged by CDFF, i.e., the $743 fine and the $22,000 fine, is a cause of action and CDFF's right to enforce each obligation in a judicial proceeding is a separate action. Accordingly, when CDFF voluntarily dismissed its action on the $743 fine, there was no prevailing party on that claim. However, at that time, the action on the $22,000 fine had been finally adjudicated in appellant's favor through judgment on the pleadings. Since action is not synonymous with complaint, CDFF's dismissal of the balance of its complaint, a complaint based on two separate obligations, was not a dismissal of the separate action on the $22,000 fine. Therefore, section 1717, subdivision (b)(2), does not bar an award of the attorney fees and costs appellant incurred in defending the action on the $22,000 fine. Moreover, since the $22,000 claim was tenaciously litigated by CDFF, holding otherwise would not promote the policies behind section 1717, subdivision (b)(2), of encouraging settlements and discouraging the maintenance of pointless litigation.

CDFF contends that section 1717, subdivision (b)(2), always bars an award of attorney fees whenever a plaintiff voluntarily dismisses the remainder of its claims, including any fees incurred in defending the contractual claims adjudged in the defendant's favor prior to the dismissal. In support of its position, CDFF relies on *Rosen v. Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939 [247 Cal.Rptr. 635] (*Rosen*) and *Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255 [82 Cal.Rptr.3d 629] (*Gogri*). However, both cases are distinguishable from the situation here.

In *Rosen*, the court introduced the case as follows: "Is a defendant who prevails on a motion for judgment on the pleadings as to contractual causes of action, but remains as a defendant on tort counts, entitled to attorney fees pursuant to Civil Code section 1717 when the plaintiff subsequently voluntarily dismisses the defendant as to the 'entire action'? Although we have not been cited to, nor independently discovered, authority directly on point, we conclude he is not." (*Rosen, supra,* 201 Cal.App.3d at p. 941.)

However, the court's statement of the issue does not reflect the holding of the case. Rosen voluntarily dismissed the contract counts and the dismissal was entered on the day of the hearing on the motion for judgment on the pleadings. Under these circumstances, the *Rosen* court concluded that the trial court could not rule on the motion for judgment on the pleadings. The court noted "[t]his is tantamount to making subsequent rulings in disguise." (*Rosen, supra*, 201 Cal.App.3d at p. 943.) Thereafter, Rosen dismissed the entire action against Warmington with prejudice. Thus, all causes of action were voluntarily dismissed. Accordingly, the court correctly concluded that section 1717, subdivision (b)(2), barred an attorney fee award. In contrast here, the action on the $22,000 claim was adjudicated in appellant's favor.

In *Gogri*, the plaintiff filed a lawsuit alleging both tort and contract causes of action arising out of a franchise agreement. The trial court sustained demurrers without leave to amend to several of the complaint's tort causes of action, intentional and negligent interference with a contractual relationship and intentional and negligent interference with prospective economic advantage. The contract causes of action remained. Thereafter, the defendant moved for summary judgment. Before the hearing on this motion, the plaintiff voluntarily dismissed his complaint. The defendant then moved to set aside the dismissal. The trial court set aside the dismissal and ruled in the defendant's favor on the summary judgment motion. The trial court subsequently granted the defendant's request for attorney fees. (*Gogri, supra*, 166 Cal.App.4th at p. 260.)

On appeal, the court held that the plaintiff's voluntary dismissal was timely and therefore the trial court did not have jurisdiction to rule on the summary judgment motion. As to attorney fees, the court concluded that the plaintiff's voluntary dismissal of the complaint, including the contract causes of action, precluded a section 1717 attorney fee award on those causes of action. (*Gogri, supra*, 166 Cal.App.4th at p. 274.) Thus, again, the holding in this case does not support CDFF's position. Here, one contract action was adjudicated, whereas in *Gogri* the plaintiff voluntarily dismissed all of the contract causes of action.

In sum, CDFF's dismissal of the action on the $743 fine did not preclude appellant from recovering his attorney fees incurred in defending, and prevailing on, the separate action on the $22,000 fine. Accordingly, the order denying appellant's fee motion is reversed.

## DISPOSITION

The order is reversed and the matter remanded for a determination of reasonable attorney fees to be awarded to appellant as the prevailing party in the action on the $22,000 fine. Costs on appeal are awarded to appellant.

Wiseman, Acting P. J., and Kane, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 1, 2012, S198437.