Filed 6/20/13  Tiso v. Stier CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALLAN TISO et al., | D060061 |
| Plaintiffs and Appellants, | |
| v. | |
| GERHARD STIER et al., | (Super. Ct. No. 37-2010-00050591-CU-OR-NC) |
| Defendants and Appellants. | |

APPEALS from a judgment of the Superior Court of San Diego County,

William S. Dato, Timothy M. Casserly, Judges.  Affirmed in part; reversed in part with

directions.

Mulvaney Barry Beatty Linn & Mayers, Mulvaney, Kahan & Barry, John H.

Stephens and Stacy H. Rubin for Plaintiffs and Appellants Allan Tiso et al.

K. Martin White for Defendants and Appellants Gerhard Stier et al.

Civil Code section 1717 (section 1717), subdivision (b)(2) provides there is no prevailing party for purposes of contractual attorney fees "[w]here an *action* has been voluntarily dismissed" before trial. (Italics added.) *CDF Firefighters v. Maldonado* (2011) 200 Cal.App.4th 158 (*Maldonado*), held that when there were two "separate and distinct" contract causes of action that could have been brought independently, the voluntary dismissal of one of them did not bar recovery of attorney fees incurred in the adjudication of the other one. (*Id.* at p. 165.)

The issue in plaintiffs' appeal is whether subdivision (b)(2) of section 1717 bars an award of attorney fees when the complaint states only a single contract cause of action, stated under different theories, or "counts," and mislabeled as "causes of action," when some of the counts were disposed of in a motion to strike and a remaining count was voluntarily dismissed. We conclude fees are barred, because plaintiffs' dismissal of the remaining count was a dismissal of the "action" for purposes of section 1717, subdivision (b)(2). We reverse the judgment to the extent it awards defendants contractual fees for prevailing on some of the counts, with directions, and affirm the judgment in all other respects.

Defendants also appeal, contending the court erred by reducing their fee request to reflect fees incurred in defending against the count the plaintiffs voluntarily dismissed, under subdivision (b)(2) of section 1717. Their appeal lacks merit, as section 1717 fees are barred altogether.

FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises out of a property dispute over a narrow L-shaped property known as Parcel 48 (sometimes referred to as Parcel E), located in Fallbrook. Plaintiffs, Allan and Vitina Tiso, own property known as Parcel 79, and to its east, Parcel 47, and they once owned property known as Parcel 72, which is south of parcel 47. The north-south leg of Parcel 48 is situated between Parcels 79 and 47, and the east-west leg of Parcel 48 is situated between Parcels 47 and 72. In 1985, before the Tisos purchased Parcel 47, they were awarded Parcel 48 in an adverse possession action against a former owner of Parcel 47. From that point, they paid property taxes on Parcel 48.

In 1988 the Tisos sold Parcel 72 to defendants Gerhard and Regina Stier. Parcel 72 was conveyed by a deed to S.I. Financial Corporation (S.I. Financial), which acted as an exchange accommodator for the Stiers for tax purposes, and by a concurrent deed from S.I. Financial to the Stiers. Both grant deeds included an attached two-page legal description that described Parcel 48 (designated Parcel E) on page two.[2]

---

[1]    We deny the Tisos' request for judicial notice filed on January 26, 2012, for noncompliance with California Rules of Court, rule 8.252.

[2]    The face of the grant deed from the Tisos to S.I. Financial refers to Parcels A through E, as described in an attached legal description. The attached document is two pages, with Parcels A through C described on the first page and Parcels D and E described on the second page. Parcel A is the same property known as Parcel 72, and Parcels B through D are easements. Again, Parcel E is the same property known as Parcel 48. The face of the grant deed from S.I. Financial refers only to Parcels A and B, but the same two-page legal description of Parcels A through E is attached.

According to the Tisos, neither they nor the Stiers intended to include any portion of Parcel 48 in the deal. According to the Stiers, they were unaware of the existence of Parcel 48 or its location, and when they purchased Parcel 72 they assumed it extended just beyond a fence line on the property's north boundary. During this litigation they learned the east-west leg of Parcel 48 was within the fence line.

In 1994 the Stiers conveyed Parcel 72 by quitclaim deed to themselves as trustees of their family trust. The face of the quitclaim deed does not refer to Parcel 48 (or Parcel E), and the second page of the legal description that included Parcel E was not attached to the deed.

In 2002 the Stiers' family trust sold Parcel 72 to Jack and Diane Jansen, and the two-page legal description, including Parcel 48 (designated Parcel E), was attached to the deed. In 2009 the Tisos learned the Jansens were claiming ownership of Parcel 48. The Tiso's informal attempt to resolve the dispute with the Jansen's was unsuccessful.

Contemplating a quiet title action, the Tisos obtained a litigation guaranty, which listed the Stiers as record title holders of Parcel 48. The Tisos' attorney, Sarah Lanham, contacted Gerhard Stier by phone, explained the situation to him, and offered to send him a courtesy copy of a complaint the Tisos intended to file. He told Lanham he would discuss the matter with an attorney.

In late January 2010 the Tisos filed a complaint against the Jansens, the Stiers and their family trust, S.I. Financial, and other entities. The Stiers were named in counts for reformation of deeds (first count), quiet title (second count), recovery of real property

4

(fourth count), and declaratory relief (fifth count). The Tisos did not plan to serve the Stiers with the summons and complaint "until necessary," but when Lanham spoke to the Stiers' attorney, K. Martin White, he demanded immediate service. The Stiers were served on February 3, and on February 9, Lanham wrote to White and requested that the Stiers quitclaim any interest in Parcel 48 to the Tisos, or alternatively, "do nothing pending the resolution of this action."

Instead, on February 12, 2010, the Stiers executed and caused to be recorded a quitclaim deed in favor of the Jansens, to correct the Stiers' inadvertent omission of the second page of the legal description of the property, including Parcel E (Parcel 48), from the 2002 deed. Also in February 2010 the Stiers and their family trust filed, in this action, disclaimers of any interest in Parcel 48.

In June 2010 the Tisos filed a first amended complaint (FAC), which retained the original complaint's counts against the Stiers, and added new counts against another defendant. The Stiers moved to strike the counts on the ground they had no interest in Parcel 48. The court granted the motion as to the second, fourth, and fifth counts, without leave to amend. The court, however, denied the motion on the first count, explaining "plaintiffs primarily seek reformation of deeds," and the Stiers' disclaimer of interest in Parcel 48 "would not appear to compel or justify their dismissal from the action." The court granted the Tisos' request to amend the complaint to allege a fraud claim.

5

In August 2010 the Tisos filed a second amended complaint (SAC), which added claims against the Stiers for cancellation of the 2010 quitclaim deed between them and the Jansens (second count), and fraud (ninth count).[3]  In response, the Stiers brought a special motion to strike the new counts under the anti-SLAPP statute (Code Civ. Proc., § 425.16), on the ground they arose from protected litigation activity.  The court granted the motion.  The court, however, overruled the Stiers' demurrer to the SAC's count for reformation of deeds, finding a factual dispute as to whether the parties intended Parcel 48 to be part of the 1988 conveyance to the Stiers.

The Stiers later moved for summary judgment on the count for reformation of deeds, on the ground they had sold whatever interest they had in Parcel 48 to the Jansens. About two weeks before the scheduled hearing, however, the Tisos voluntarily dismissed the SAC as to the Stiers.

Finally out of the litigation, the Stiers moved for costs in the amount of $44,107.12, including $42,390 in attorney fees.  They sought fees under Code of Civil Procedure section 425.16, subd. (c)(1) on the second and ninth counts of the SAC. Additionally, while the Stiers did not cite section 1717, they claimed entitlement to fees based on the attorney fees clause in the real estate purchase agreement between them and the Tisos.

---

[3]     Even though the court granted the Stiers' motion to strike the second, fourth, and fifth counts of the FAC, the SAC realleged and renumbered those counts and did not delete the Stiers' names from them.

The Tisos moved to tax costs. They conceded the Stiers were entitled to attorney fees under Code of Civil Procedure section 425.16 on the SAC's second and ninth counts, but they argued section 1717, subdivision (b)(2) barred additional fees since they voluntarily dismissed the action before trial.

After a hearing, the court determined the action arose from the parties' purchase agreement for purposes of section 1717 because it provided the only ground for including the Stiers in the lawsuit. The court determined that under section 1717, subdivision (b)(2), they were entitled to contractual fees, excluding fees associated with the summary judgment motion on the dismissed count for reformation of deeds. The court reduced their attorney fees, and other costs, to $32,345.79.

## DISCUSSION

### I

### *Standard of Review*

"On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law." (*G. Voskanian Construction, Inc. v. Alhambra Unified School Dist.* (2012) 204 Cal.App.4th 981, 995.) The interpretation of a statute also presents a legal question we review independently. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 556.)

II

*The Tisos' Appeal*

A

The Tisos contend the trial court erred by granting the Stiers additional fees under section 1717 since they voluntarily dismissed the SAC as to the Stiers before trial. We agree with their analysis.

"California follows the 'American rule,' under which each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 237; Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10).) Attorney fees are allowed as an item of costs under Code of Civil Procedure section 1032 when they are authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10).) Attorney fees authorized under Civil Code section 1717 are specifically included as an item of allowable costs. (§ 1717, subd. (a); Code of Civ. Proc., § 1033.5, subd. (c)(5).)

Subdivision (a) of section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

8

Subdivision (b)(1) of section 1717 states that "[e]xcept as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." Subdivision (b)(2) of section 1717 provides: "Where an *action* has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (Italics added.) The purpose of this provision is to encourage settlement and curtail pointless litigation. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 613-614.)[4]

In authorizing attorney fees under section 1717, the court explained that "looking at the case as a whole, the Stiers are the prevailing parties as this court resolved five of six causes of action in their favor." The court relied on the following language from *Hsu v. Abarra* (1995) 9 Cal.4th 863, 876 (*Hsu*): "[W]e hold that in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their

_____

[4] For purposes of section 1717, however, a plaintiff is " 'precluded from voluntarily dismissing an action without prejudice under various circumstances short of a full trial. Those circumstances include a general demurrer sustained without leave to amend, a general demurrer sustained with leave to amend where no amendment is made within the allotted time, and where all issues have been deemed admitted in defendant's favor.' [Citation.] Similarly, when a defendant's right to obtain summary judgment has ripened to the point of inevitability, a plaintiff generally cannot avoid summary judgment by filing a voluntary dismissal without prejudice before the court rules on the summary judgment motion." (*Marina Glencoe, L.P. v. Neue Sentimental Film AG* (2008) 168 Cal.App.4th 874, 878.) The Stiers do not contend that for purposes of section 1717 the Tisos were precluded from voluntarily dismissing the action under the summary judgment exception.

9

litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Id.* at p. 876.)

In *Hsu*, however, the California Supreme Court held that a court lacks discretion to deny attorney fees under section 1717 on equitable grounds when the "court renders a simple, unqualified decision in favor of the defendant on the only contract claim in the action." (*Hsu, supra*, 9 Cal.4th at pp. 865-866.) In *Hsu*, there was no voluntary dismissal, and the opinion does not discuss subdivision (b)(2) of section 1717. "In California, '[i]t is axiomatic that cases are not authority for propositions not considered.' " (*Cottonwood Duplexes, LLC v. Barlow* (2012) 210 Cal.App.4th 1501, 1508.)

"In construing a statute, a court's objective is to ascertain and effectuate legislative intent. [Citation.] To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent." (*Hsu, supra*, 9 Cal.4th at p. 871.) When the words of a statute are unclear, "we must look elsewhere for evidence of legislative intent. [¶] Statutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes." (*Ibid.*)

Section 1717, subdivision (b)(2) does not define the term "action," and thus we look elsewhere for a definition. Code of Civil Procedure section 22 defines "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for

the declaration, enforcement, or protection *of a right*, the redress or prevention of a wrong, or the punishment of a public offense."  (Italics added.)  "That definition of 'action' has been applied to various statutory schemes.  [Citations.]  It appears that courts generally treat the term 'action,' as defined by Code of Civil Procedure section 22, as referring to the whole of a lawsuit rather than to discrete proceedings within a lawsuit."  (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 527; *People v. Yartz* (2005) 37 Cal.4th 529, 536 ["With respect to civil actions, 'an "action" means the same thing as a "suit."  [Citation.]' "]; *Salawy v. Ocean Towers Housing Corp.* (2004) 121 Cal.App.4th 664, 672-674 ["action" refers to lawsuit as a whole and not a demurrer filed in the suit].)

" 'In California the phrase "cause of action" is often used indiscriminately . . . to mean *counts* which state [according to different legal theories] the same cause of action. . . .' "  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798.)  "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced.  [Citations.]  . . . '[T]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant.  [Citation.]  Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' "  (*Ibid.*)

"The manner in which a plaintiff elects to organize his or her claims within the body of the complaint is irrelevant to determining the number of causes of action alleged under the primary right theory. . . .  [T]he only way a litigant can show probable cause for

11

the cause of action as a whole—or for the "primary right"—is to show probable cause for each of the counts or theories alleged. In this event the whole is indeed the sum of the parts.' " (*Hindin v. Rust* (2004) 118 Cal.Ap.4th 1247, 1257-1258.)

Both sides cite *Maldonado*, *supra*, 200 Cal.App.4th 158, as supporting their positions. In *Maldonado*, a firefighter's labor union filed a complaint for breach of contract against a former member, alleging he failed to pay two fines the union had levied against him, one for $22,789.96 and the other for $743.30. After years of litigation, the larger fine was found invalid, and thus the defendant was granted a partial judgment on the pleadings. The union then voluntarily dismissed its remaining claim on the smaller fine. (*Id.* at p. 161.) The defendant consequently sought attorney fees under section 1717 as the prevailing party on the larger fine, and the trial court denied fees under subdivision (b)(2) of section 1717 on the ground the union dismissed the smaller claim before trial. (*Maldonado*, *supra*, 200 Cal.App.4th at p. 161.) The court determined that " 'all claims on the same contract must be looked at together when determining the identity of the prevailing party on that contract.' " (*Id.* at p. 164.)

The appellate court reversed the order. It explained that while only one contract was at issue, consisting of the union's constitution and bylaws, the two claims against the defendant "were based on two separate and distinct disciplinary proceedings instigated by two different [union] members. One fine was imposed in June 2003 and the other was imposed in November 2003. Thus, [the union] sought to recover damages based on two separate and distinct obligations. A cause of action is ' "simply the obligation sought to be enforced." ' [Citation.] Accordingly, despite being pled as one cause of action in the

12

complaint, [the union] stated two causes of action. [Citation.] [¶] In fact, these two causes of action could have been filed as separate complaints. The causes of action accrued, i.e., they were complete with all of their elements, at different times." (*Maldonado*, *supra*, 200 Cal.App.4th at p. 165.) The court held that the "voluntary dismissal of one of the separate and distinct contract causes of action" did not bar "recovery of attorney fees on the adjudicated contract cause of action." (*Ibid.*)

Here, in contrast to *Maldonado*, the FAC and SAC did not allege separate and distinct contract claims against the Stiers, which could have been brought independently. While the pleadings purported to set forth several "causes of action," the Tisos actually had a single cause of action, or primary right, arising from the alleged mutual mistake in the conveyance of Parcel 48 to the Stiers. It follows that the Tisos' voluntary dismissal of the SAC's remaining count for reformation of deeds constituted a dismissal of the "action" for purposes of section 1717, subdivision (b)(2). The previous disposal of the contract claims in the motion to strike is immaterial because they did not constitute an "action" apart from the count for reformation of deeds. The public policy of encouraging settlement and *ending* pointless litigation is not served by allowing attorney fees for counts disposed of piecemeal in pretrial proceedings, when the cause of action proceeds under an alternative theory.

We conclude subdivision (b)(2) of section 1717 precludes a finding the Stiers are prevailing parties for purposes of the contract claims. Had the Legislature intended to allow fees based on individual counts *within* a contract cause of action, it could easily have said so. Because the fee award does not apportion fees allowable under Code of

13

Civil Procedure section 425.16, subdivision (c)(1), the calculation of a proper award is subject to further proceedings on remand.

B

The Stiers contend that while this action *arose* from the parties' real estate purchase agreement, it is not "on a contract" within the meaning of section 1717, subdivision (a), and thus section 1717 is inapplicable and the Tiso's dismissal of the action before trial does not bar an award of attorney fees. They assert this action was a "real estate case" outside the scope of section 1717.

The attorney fees clause at issue does not restrict an award of fees to an action sounding in contract. Rather, it provides, "In *any action* or proceeding *arising out of this agreement*, the prevailing party shall be entitled to reasonable attorney's fees and costs." (Italics added.) The Stiers rely on *Santisas v. Goodin*, *supra*, 17 Cal.4th at p. 602, which held that "in voluntary pretrial dismissal cases, . . . section 1717 bars recovery of attorney fees incurred in defending contract claims, but [it does not] bar[] recovery of attorney fees incurred in defending tort or *other noncontract claims*," when the attorney fees clause broadly includes any type of claim arising from a contract. (Italics added.) The Stiers assert a "real estate case" falls within the italicized language. (See also *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1340-1341.)

The Stiers assert this action cannot sound in contract because the four-year statute of limitations for the breach of a written contract had long run. (Code Civ. Proc., § 337.) The term "on a contract," however, "does not mean only traditional breach of contract causes of action. Rather, 'California courts "liberally construe 'on a contract' to extend to

14

any action '[a]s long as an action "involves" a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit . . . .' [Citation.]" [Citations.]' " (*Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 486.) "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 315, 347 (*Kachlon*).) For instance, equitable actions for declaratory and injunctive relief, and to quiet title, based on deeds of trust, sound in contract for purposes of section 1717. (*Kachlon*, *supra*, at p. 348.)

We conclude this action sounded in contract for purposes of section 1717. The Stiers cite no authority suggesting it was instead a "real estate case" outside the reach of section 1717. The SAC's reformation of deeds count alleged that under the terms of the real estate purchase agreement, the Tisos conveyed Parcel 72 to the Stiers by grant deed, and the two 1988 grant deeds for the purchase "each contained a mutual mistake" by the parties, in that they included a legal description of Parcel 48, when they did not intend a conveyance of that property. The Tisos requested the reformation of the two 1988 deeds, and the 2002 grant deed from the Stiers to the Jansens, to delete all references to Parcel 48.

The action was essentially for reformation of an executed contract. "As a general rule an executed contract is presumed to express the intentions of the parties correctly, but this presumption is rebuttable and may be overcome by evidence that the written instrument is not in conformity with the agreement of the parties." (Miller and Starr, 12

15

Cal. Real Estate (3d ed.) § 34.11.)  The additional counts stricken from the FAC, for quiet title, recovery of real property and declaratory relief, are based on the same agreement and facts.

The Stiers also criticize the Tisos for waiting so long to dismiss the action.  They assert that when they filed their disclaimers of any interest in Parcel 48 in February 2010, it was clear that the action was meritless as to them and they should have been dismissed.  Subdivision (b)(2) of section 1717, however, "contains no temporal limitation; it 'bars recovery of section 1717 attorney fees regardless of when the dismissal is filed.' " (*Marina Glencoe, L.P. v. Neue Sentimental Film AG* (2008) 168 Cal.App.4th 874, 877.)  The Steirs also contend section 1717, subdivision (b)(2) does not apply because the Tisos did not dismiss the action as to all the defendants.  The same theory was rejected in *Rosen v. Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939, 943, and we concur.  The relevant status pertains to the Stiers, not other defendants.

III

*The Stiers' Appeal*

Based on their theory section 1717 is inapplicable, the Stiers contend the court erred by excluding fees "relating to the motion for summary judgment [on the remaining count for reformation] and other costs," under subdivision (b)(2) of section 1717.  The Stiers' appeal lacks merit, because as discussed, the voluntary dismissal of the action bars the award of any fees under section 1717.

16

DISPOSITION

The judgment is reversed to the extent it awards the Stiers attorney fees under section 1717.  It is affirmed in all other respects.  On remand the court is directed to determine the proper amount of fees to be awarded the Stiers under Code of Civil Procedure section 425.16, subdivision (c)(1).  The Tisos are awarded costs on appeal.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

17