### IV.

---

Steven K. Ristvedt, of Ristvedt & Peters, Independence, for the petitioner-appellant.

Robert J. Murphy, of Roberts & Murphy, Independence, for the respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

Petitioner-appellant Roberta J. Lamos Kimmerle is appealing from the modification decree which transferred to respondent-appellee Larry D. Kimmerle physical custody of their daughter Heather. We reverse.

The parties were granted a dissolution in 1981 when Heather was two years old. Roberta and Larry were given joint legal custody with Roberta having primary physical custody. Both parties have since remarried. Larry and his wife, Brenda, live in Colorado. Larry filed the modification petition after hearing Heather was witnessing marital violence between Roberta and her husband, Michael, as well as Heather expressing her desire to live with him for various other reasons.

The principles guiding our review of cases involving modification petitions is

### In re the MARRIAGE OF Roberta Joan Lamos KIMMERLE and Larry Dean Kimmerle.

### Upon the Petition of Roberta Joan Lamos Kimmerle, Appellant,

### And Concerning Larry Dean Kimmerle, Appellee.

### No. 88–1501.

Court of Appeals of Iowa.

Aug. 23, 1989.

well settled. *Our review is de novo. Iowa R.App.P. 4.* We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses but we are not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties in each case. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

Our primary consideration in determining custodial issues is the best interests of the children. *Id.* The law to be applied in a modification action requesting a change of physical custody is as follows:

> ... the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

The following findings were made by the trial court:

> The court must observe that Larry's present marriage to Brenda is approximately two years old. Given his poor marital history, this is not long enough for the court to conclude that it is a stable and workable relationship.
>
> Heather wants to live with Larry. Her reasons include valid concerns. She expresses dissatisfaction because Roberta makes disparaging comments about things and people Heather loves. Based on Roberta's testimony and her demean-

or on the stand, we have no doubt that Roberta does make such comments. Heather also feels left out and ignored in her mother's life on many occasions.

Heather is described by many witnesses on both sides of the case as being a wilful and manipulative child. The court cannot argue with that assessment and concludes that Heather in her present stage of development will present significant parenting problems.

The record has relatively little information concerning Roberta's parenting technique and skills. We're satisfied from the themes of impatience and mistruths contained in the testimony of Roberta that her ability to parent Heather appropriately is seriously flawed.

This finding was amplified in a ruling on petitioner's posttrial motions as follow:

> One untruth was petitioner's statement to Heather that she had not intentionally pinched or hurt her, her follow-up statement that she had, indeed, intentionally hurt Heather and then her subsequent denial in Court that she had not intentionally hurt Heather. The other untruth the Court was having reference to concerned petitioner's telling Heather that she could not live alone with her father, then recanting and telling Heather that she could live with her father and then testifying at trial that Heather would not be permitted to live with her father and that, in fact, petitioner had never intended or meant that Heather could live with her father.

The court regards these examples of untruths as having significance for two reasons.

> The first reason is that court proceedings take relatively few hours and cover only moments of people's lives. In addition, much of what occurs between a parent and a child is not subject to discovery by persons who live outside the home. Thus, these two examples are not likely to have been the only two events of such a nature which occurred between Heather and Roberta. The Court does not find as a fact that there were more. The Court only expresses its concerr

that the existence of these two events is an ill omen.

Additional findings by the trial court are:

We know little of Larry's parenting abilities. This is to be expected since his residence in Colorado prevents us from receiving firsthand information of his parenting skills other than from himself and his present wife.

Our greatest concern concerning Larry is his marital instability. It appears that he has married three times previously and that each of those marriages lasted somewhat longer than his current marriage to Brenda has lasted. Thus, the fact that they have been married on this occasion for two years does little to dispel the Court's concerns on this topic.

In its judgment and decree provision the trial court said:

Roberta has provided nearly all of Heather's care in the past. We are satisfied that this care has included significant shortcomings in the past which have been quite hurtful to Heather. To the extent that Heather is now a willful and manipulative child, she has learned these traits while in Roberta's care. In light of Roberta's increasing family responsibilities with her new husband, we do not foresee the time and energy being available to Roberta to change longstanding ways of relating to Heather.

Although Larry's home is not without its own potential for problems, Larry at least offers the opportunity to Heather for a fresh start. It is in Heather's best interest that her physical placement be changed. In doing so, we strongly urge Larry and Brenda to seek out professional assistance for their first several months of parenting Heather on a full-time basis.

The last custodial order was the dissolution decree. Since the dissolution decree, the family constellations of both Roberta and Larry have changed significantly. In addition, Heather's relationship to Roberta and Larry has also changed significantly during that period of time. These changes are more than adequate to serve as a foundation for the present modification proceedings.

■ We share the trial court's perception of parenthood. Parents should strive to avoid mistruths to their children. However in the day-to-day struggle to deal with children sometimes parents don't always perform with perfection.

We look to the big picture. Roberta had had the sole duty to provide care for Heather six of her eight years. Her teacher Ms. Doyle describes Heather as a leader, very popular with the other children, always neat, never indicating unhappiness with her home life. She did acknowledge that Heather was very manipulative but being firm, would control the situation.

We do not solely attribute Heather's manipulative personality to her mother's upbringing. Some character traits of children occur in spite of the best efforts of the best parents.

We find no compelling reason to disturb the home that Roberta has provided Heather for the past six years. We modify the trial court's order to provide that Roberta shall continue to have the primary care of Heather.

■ Both parties have requested attorney fees on appeal. Attorney fees in modifications actions are not a matter of right but may be awarded to the prevailing party in an amount deemed reasonable by the court. Iowa Code § 598.36 (1989). Courts look to each party's ability to pay. *In re Marriage of Stanley*, 411 N.W.2d 698, 703 (Iowa App.1987). Each party shall pay his or her own attorney fees. Costs are to be paid by appellee.

REVERSED.

SCHLEGEL, J., concurs.

HABHAB, J., dissents.

HABHAB, Judge (dissenting).

I respectfully dissent. I would affirm the trial court.