# IN THE COURT OF APPEALS OF IOWA

No. 16-2229
Filed February 7, 2018

IN RE THE MARRIAGE OF LEISHA F. KRAGEL
AND RANDALL P. KRAGEL

Upon the Petition of
**LEISHA F. KRAGEL,**
         Petitioner-Appellee/Cross-Appellant,

**And Concerning**
**RANDALL P. KRAGEL,**
         Respondent-Appellant/Cross-Appellee
_____

        Appeal from the Iowa District Court for Ida County, Duane E. Hoffmeyer,

Judge.


        Randall Kragel appeals the district court's denial of his petition for

modification of a dissolution decree.   Leisha Kragel cross-appeals the same

ruling which denied her request for attorney fees in the modification proceeding.

**REVERSED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**


        Irene A. Schrunk of Irene A. Schrunk Law Firm, Sioux City, for appellant.

        Rosalynd J. Koob, Ellen C. Tolsma, and Joel D. Vos of Heidman Law

Firm, L.L.P., Sioux City, for appellee.


        Heard by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief judge.**

Randall Kragel appeals the district court's ruling denying his petition for the modification of a dissolution decree. He contends (1) the district court applied an incorrect legal standard and erred in failing to find a material change in circumstances to support modification of his spousal-support obligation, and (2) in effect, the district court's ruling modified the property-distribution provisions of the original decree. He requests an award of appellate attorney fees. Leisha Kragel cross-appeals, challenging the denial of her request for attorney fees. She also requests an award of appellate attorney fees. We reverse the district court and modify the spousal-support obligation because Randall proved a material and substantial change of circumstances, and we affirm on the cross-appeal.

## I.      Background Facts and Proceedings.

This court previously made the following findings as to the parties' marriage and dissolution:

> Randall and Leisha Kragel were married in 1981. They have two children who are now adults. Leisha filed a petition for dissolution of marriage in October 2009. The dissolution hearing took place over the course of six days between April and December 2011.
> . . . .
> The district court entered a dissolution decree for the parties on March 26, 2012. . . . The court awarded Randall net marital assets valued at $1,954,546 and Leisha net marital assets valued at $609,283. The court ordered Randall to pay an equalization payment of $672,631, payable over a period of eight years. The district court ordered Randall to pay rehabilitative alimony to Leisha of $5000 per month for eight years, and then $3000 per month for a period of two years. Additionally, the court ordered Randall to pay $30,000 toward Leisha's trial attorney fees.

*In re Marriage of Kragel*, No. 12-0925, 2013 WL 5743745, at *1 (Iowa Ct. App. Oct. 23, 2013) (footnote omitted), *further review denied* (Dec. 24, 2013). Leisha appealed the economic and spousal-support provisions of the decree. *Id.* On appeal, due to the length of the marriage and disparity in the parties' income, this court modified the district court's rehabilitative-alimony award to a traditional-alimony award in the amount "of $6000 per month until [Randall] reaches the age of sixty-five, and then $4000 per month until either party dies or Leisha remarries." *Id.* at *6.

In March 2016, Randall filed a petition to modify his spousal-support obligation, asserting a decrease in his income amounted to a substantial change in circumstances. Following a two-day trial, the district court denied Randall's petition. The court concluded a fluctuation of farm income was contemplated by the decretal court and the alleged change was not permanent. The court also denied Leisha's request for an award of attorney fees. The district court denied Randall's subsequent motion to enlarge or amend. Randall appeals, and Liesha cross-appeals.

## II.     Scope and Standard of Review.

Actions to modify a decree of dissolution of marriage are equitable proceedings, which we review de novo. Iowa R. App. P. 6.907; *In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 331 (Iowa Ct. App. 2005). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

**III.    Analysis.**

###    *A.    Randall's Appeal—Modification.*

The district court may modify the spousal-support provisions of a dissolution decree when there has been a "substantial change in circumstances." Iowa Code § 598.21C(1) (2016); *In re Marriage of Reitz*, 585 N.W.2d 226, 229 (Iowa 1998).  To modify a decree under section 598.21C,

> (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998) (citation omitted); *accord In re Marriage of Michael*, 839 N.W.2d 630, 636 (Iowa 2013).  The party seeking to modify the decree must prove the change in circumstances by a preponderance of the evidence.  *Michael*, 839 N.W.2d at 636.

Randall's first argument on appeal is that the district court required him to meet an impossible standard by showing that his reduced income resulting from the downward fluctuation in crop prices was permanent.  Randall complains this permanency standard can never be met because crop prices obviously fluctuate and "have never been, nor will ever be permanent."  As noted above, the proper standard is that "[a] substantial change justifying a modification must be permanent or continuous rather than temporary in nature."  *Id.*  Randall concedes he is unable to prove this change in circumstances is permanent because of crop

price fluctuations, so to meet his burden the change must be continuous rather than temporary.[1] *See Walters*, 575 N.W.2d at 741 ("[T]he change in circumstances must be permanent *or continuous* rather than temporary." (emphasis added) (citation omitted)).

The district court noted, "[I]t is hard to say that these changes were not contemplated by the court" issuing the original decree. Randall's own expert testified that farming is a cyclical industry and has "its ups and downs."

Notwithstanding, Randall has shown that over a five-year period he has suffered a significant reduction in income. Both parties conceded in oral argument the accuracy of the district court's calculation that Randall had an average net income for the years of 2011 through 2015 of approximately $226,500. This income was all derived from farming. This calculation also includes depreciation but it is limited to the straight-line method. This sum is substantially lower than Randall's 2010 net income, which we previously determined to be $339,683. *See Kragel*, 2013 WL 5743745, at *1. Randall also presented expert testimony suggesting that crop prices may not improve any time in the near future.

Randall also argues the district court's ruling effectively modified the property-distribution provisions of the original decree, which is improper. *See In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998) ("[A]bsent fraud, duress, coercion, mistake, or other similar grounds which would support

---

[1] Randall's appellate brief also enumerates other changes in circumstances—i.e., an increase in his debt, a reduction in income from his farming and related operations, a decrease in business equity, and reduced liquidity—which flow directly from the decrease in crop prices.

modification of an ordinary judgment, property settlements in dissolution decrees are not subject to modification."). He complains the court's ruling requires him to liquidate property awarded to him under the original decree and property he inherited thereafter—indirectly modifying the decree. We acknowledge the property-distribution provisions of a dissolution decree are not subject to modification by the district court. *Id.*; *see also* Iowa Code § 598.21C(1) (limiting the court's power to "modify child, spousal, or medical support orders"). But Randall's use of his assets and inheritance to satisfy his spousal-support obligation is not the equivalent of a court modifying a property settlement, and Randall offers no legal authority to support his indirect-modification argument. *See* Iowa R. App. P. 6.903(2)(g)(3) (stating that failing to provide legal authority is deemed a waiver of the argument). The district court did not modify or effectively modify the property-distributions of the decree.

We have previously stated it is best to average a farmer's net income over a period of years because "[a] farmer produces commodities that fluctuate in value. Production may vary because of weather conditions. Farm programs" may also "have a substantial impact on a farmer's net income." *In re Marriage of Cossel*, 487 N.W.2d 679, 681 (Iowa Ct. App. 1992). Thus, we agree with the district court that temporary fluctuations in both crop prices and in Randall's net income would have been within the contemplation of the decretal court when the decree was entered. However, Randall has incurred a significant and sustained reduction in income not within the court's contemplation. We conclude Randall's loss of approximately one-third of his net income over a five-year period could be sufficient to consitute a substantial change of the circumstances. Over that

period of time, Randall's total net income was about $500,000 less than the amount we initially relied upon to fix spousal support.[2]  Because we conclude Randall's loss of income has been sufficiently continuous and, as we have noted, prospects of improvement in the near future are questionable, we could conclude he has shown a substantial change of circumstances if such a change could be premised soley upon a reduction in income.

But before we may modify the spousal support, we must also consider the resources of the parties.  *See* Iowa Code § 598.21C(1)(a) (stating that in determining whether there is a substantial change in circumstances, "the court shall consider . . . "[c]hanges in the employment, earning capacity, income, or resources of a party").  Here, both parties report a substantial net worth.  Randall contends he has had to use loans or other assets to pay his support obligation.  Clearly his net income has not been sufficient to pay the $6000 monthly obligation as, for example, he reported a net loss of income on his tax return for the year of 2015.  Leisha identifies monthly living expenses of $7487.37.  She works parttime for a land survey company and earned $9699 in 2015.  Randall does not appear to be in any financial jeopardy yet as he has ample net worth to sustain some losses and increasing loan balances, but neither party can afford to place Randall in financial jeopardy because they both rely upon his income stream and the success of his farming business.  Considering all of these

---

[2] Leisha complains that Randall's efforts in deferring crop sales into future years results in a distortion of his real income.  However, Leisha concedes that Randall's income for 2011 included crops grown in 2010.  Thus, we conclude over the five-year period of 2011-2016 the deferment of sales would be adequately taken into consideration.

circumstances, all the statutory factors in section 598.21C,[3] and the detailed factual findings of the district court, we conclude Randall is entitled to a moderate modification of his spousal-support obligation. We conclude he should pay $5000 per month until he reaches age sixty-five and then $3000 per month until either party dies or Leisha remarries. We acknowledge this sum will continue to require Randall to use some of his resources or to incur greater loan balances to pay the obligation until the farm economy improves, but Leisha may also be required to use a portion of her resources to meet her needs.

We reverse the district court and modify the spousal-support provisions of the decree.

---

[3] As already noted, section 598.21C allows the court to modify spousal support "when there is a substantial change in circumstances" and that

> [i]n determining whether there is a substantial change in circumstances, the court shall consider the following:
>
> (a) Changes in the employment, earning capacity, income, or resources of a party.
> (b) Receipt by a party of an inheritance, pension, or other gift.
> (c) Changes in the medical expenses of a party.
> (d) Changes in the number or needs of dependents of a party.
> (e) Changes in the physical, mental, or emotional health of a party.
> (f) Changes in the residence of a party.
> (g) Remarriage of a party.
> (h) Possible support of a party by another person.
> (i) Changes in the physical, emotional, or educational needs of a child whose support is governed by the order.
> (j) Contempt by a party of existing orders of court.
> (k) Entry of a dispositional or permanency order in juvenile court pursuant to chapter 232 placing custody or physical care of a child with a party who is obligated to pay support for a child. Any filing fees or court costs for a modification filed or ordered pursuant to this paragraph are waived.
> (*l*) Other factors the court determines to be relevant in an individual case.

### B. Leisha's Cross-appeal—Trial Attorney Fees.

On cross-appeal, Leisha argues the district court should have awarded her attorney fees. In a proceeding for the modification of a dissolution decree, "the court *may* award attorney fees to the prevailing party in an amount deemed reasonable by the court." Iowa Code § 598.36 (emphasis added). This provision gives the district court considerable discretion in determining whether to award fees. *In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). Attorney fees in modification proceedings "are not a matter of right but may be awarded to the prevailing party in an amount deemed reasonable by the court." *In re Marriage of Kimmerle*, 447 N.W.2d 143, 145 (Iowa Ct. App. 1989). In deciding whether to award attorney fees, "[c]ourts look to each party's ability to pay." *Id.*

In declining to award Leisha attorney fees, the district court noted its surprise with the amount of fees claimed by Leisha and expressed, "This proceeding comes across as a high conflict, hardball type of case where pleadings are filed (and attorney fees charged) instead of working toward some mutually acceptable solution that still involves both parties being able to fully and freely present their case." The court considered each of the party's respective ability to pay and concluded an award of attorney fees was inappropriate. We find no abuse of discretion in this determination and affirm the same.

### C. Appellate Attorney Fees.

Both parties request an award of appellate attorney fees. *See Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (holding that a statute allowing an award of trial attorney fees permits an award of appellate attorney fees as well). An award of appellate attorney fees is not a matter of right but

rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees on appeal, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *Id.* Both parties appealed the district court ruling but only Randall has prevailed. Randall has sufficient resources to pay his own appellate attorney fees and, accordingly, we decline to award appellate attorney fees to either party.

## IV.     Conclusion

We modify the spousal-support award to require Randall to pay $5000 per month until he is sixty-five years old and then $3000 per month until either party dies or Leisha remarries. We affirm the district court's ruling with respect to the trial attorney fees, and we decline to award appellate attorney fees.

Costs on appeal are assessed to Leisha.

**REVERSED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**